# THE PEOPLE *ex rel.* THE BOARD OF SUPERVISORS OF SOLANO COUNTY *v.* THE BOARD OF SUPERVISORS OF LAKE COUNTY.

Construction of Statute.—Where an Act of the Legislature contains no provisions limiting its operation upon any contingency, and it is impossible to take the initial step in its execution within the time prescribed in the statute : *held*, that the provision in respect to the time of taking said step is directory merely.

Idem.—Where a statute specifies the time at or within which an act is to be done, it is usually held to be directory, unless time is of the essence of the thing to be done, or the Act contains negative words, or shows that the designation of the time was intended as a limitation of power, authority, or right.

Idem.—Where, in one section of a statute it is provided that the respective Boards of Supervisors of Solano and Lake Counties shall meet, etc., " and upon the receipt of the report of the Viewers," etc., " to declare the road as located by the Viewers thereof, a public highway," and in the succeeding section of the Act it is provided that " when the report of the Viewers shall have been received and *approved,* the said Boards of Supervisors shall declare the road open," etc. : *held*, that the exercise of judgment, if not discretion, is required *to approve* the report.

Idem—Mandate.—Where a petition for a peremptory writ recites that one of said Boards refuses to act on said report, and refuses to declare the proposed road a highway and to declare it open, etc., the mandate can proceed no further than to order them to take action on the report.

Extra–Territorial Jurisdiction of Board of Supervisors.—There is nothing in the Constitution inhibiting the Legislature from conferring upon the Board of Supervisors of one county the power to lay out, open, and maintain a road in another county.

Uniformity of County Governments.—The clause of section four, Article XI, of the Constitution, that " the Legislature shall provide a system of county * * governments, which shall be, as nearly as practicable, uniform throughout the State," is to be considered directory, and the authority to determine what measure of uniformity is practicable must be left with the Legislature.

In the Supreme Court of the State of California.

The People, by the relation of the Board of Supervisors of Solano County, upon notice thereof first given to the respondent, petitioned this Court to issue its peremptory writ of mandate to the Board of Supervisors of Lake County to immediately proceed and act upon the matter of the location of a certain road described in the petition, and to declare said road a public highway, and open to travel as such, and that they maintain the same as such highway, as contemplated and required by the provisions of an Act of the

Legislature, approved March 31st, 1866, entitled " An Act providing for the location and survey of a public highway from Suisun City, in Solano County, to Knoxville, in Lake County, running through the Counties of Solano, Napa, and Lake." (See Stats. 1865–6.) The petition averred the due survey, location, and establishment of the road by the Viewers appointed by the legislative Act, and a report by them of their proceedings therein to the Board of Supervisors of Lake County, on the 11th day of May, 1866 ; and that in all other respects, averring particularly the acts performed, all the provisions of said Act had been complied with on the part of said Viewers, the People, and the Board of Supervisors of Solano County, to the end that said road be fully established and opened as a public highway. The petition further alleges :

" That the Supervisors of Lake County did from time to time and at all times have refused and neglected to act upon said matter and to declare the road as viewed out a public highway, and have neglected and refused to open said road as by law required ; that on the 19th day of June the Supervisors of Solano County, this relator, and D. N. Hastings, appeared before the said Supervisors of Lake County, at a then called meeting of the Board, and requested then and there that they should proceed to act in said matter in accordance with said law.

" Yet the said Supervisors of Lake County, for the purpose of defeating said law and of preventing the said County of Solano and this relator from deriving any advantage therefrom, then and there and ever since have and still do refuse to take any action therein, or in any manner to perform the duties required of them by said Act."

The respondent demurred to the petition upon three grounds, which are stated in the opinion of the Court.

*Rayle & Pendegast,* for Respondent.

First—The special statute under which the alleged duty of the Board of Supervisors of Lake County arises, provides for an impossibility, and, as we think, is for that reason self-destructive. It being impossible for the petition in this case to stand upon the literal terms of the Act, an effort was made on the oral argument to enlarge them by a familar rule of construction, viz: "That when a statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, the time will be considered as directory merely," with certain enumerated exceptions; but this rule utterly fails of application here, for the intention of the Legislature on this subject is not ambiguous but clear. The intention of the Legislature, when it is ascertained, should control absolutely the action of the judiciary, and when that intention is plain and unambiguous, no room is left for construction. (Sedgwick on Stat. and Const. Law, 379; 9 Porter, Ala., 268–9.) In this action the intention of the Legislature clearly was that the Viewers should locate the road and report their proceedings on or before the first Monday in March, A. D. 1866, (Sec. 2,) and that the Board of Supervisors should thereupon, after approving said report, declare the road open as located. (Sec. 5.) That this intention led to absurd results, and involved impossible action, is simply the fault of the Legislature, which the Court will not attempt to amend. Courts will not construe a statute into an absurdity, but if one is clearly in it, neither will they construe it out. They hold the law as they find it, and let the consequences follow as they may. The barrier of this rule once passed, no limit could be assigned to judicial power. In the present instance, years might elapse, bringing in their passage all the great changes ordinarily wrought upon the interests and conditions of men and communities, and still these Viewers might make their report, and the Court might impose the obligation of action upon the Board

62

of Supervisors. But this rule was not invoked by the proper parties. If it could be used in this case at all, it would be by the Supervisors, and not against them.

Second—Before the Board of Supervisors are required under the Act to declare the road open and establish it as a public highway, they are first to receive the report of the Viewers, and, second, to *approve* it. "When the report * * * shall have been received and *approved*, the Board shall," etc. (Sec. 5.) The power to approve involves the power to disapprove. No time is specified in the Act within which the Board shall exercise this power of approval or disapproval, and until they shall have fully exercised this discretion, no mandatory obligation can rest upon them to proceed further. (*Bowers et al.* v. *Sonoma County*, 32 Cal. 66.)

Third—The Act of the Legislature is void, because it provides for the performance of acts which would be void. The Supervisors of the respective Counties of Solano and Lake are authorized to declare open a public highway within the territory of Napa County. Article XI, Sec. 4, of the Constitution of the State provides "That the Legislature shall provide a system of county * * * governments, which shall be as nearly as practicable uniform throughout the State." Article XI, Sec. 5: "The Legislature shall have power to provide for the election of a Board of Supervisors in each county, and these Supervisors shall * * * perform such duties as may be prescribed by law."

We respectfully urge that by a fair construction of the two sections from which we quote, the phrase, "shall perform such duties as may be prescribed by law," is limited by the words "within the counties," understood.

This statute seems to us to overturn and contravene all the established rules of public policy upon the subject embraced by its terms. Lake, Napa and Solano Counties have equal right to complain of its injustice, and object to its enforcement; Lake and Solano for being required to build and maintain a road in the territory of another county, and Napa

for having a public road within her limits which she has no power to manage or control.

*W. S. Wells,* for the Relator.

A statute is not to be nullified because some of its provisions are absurd, repugnant, or untrue. It should be so construed as to make it effective, rather than destroy it. If enough remain, after rejecting the parts which are inappropriate, to show what was intended by the Legislature, that will suffice. (*Britton* v. *Ward,* 2 Bolles, 127; *Moore* v. *Hussey,* Hol. R. 93, 97; *The Chancellor of Oxford's Case,* 10 Rep. 57; *Shrewsbury* v. *Boylston,* 1 Pick. 105; *The Watervliet Turnpike Co.* v. *McKean,* 6 Hill, 616; 1 Kent's Com. 162; *People* v. *Draper,* 15 N. Y. 152.)

The Act must be construed as directory in the particular of time at which the Viewers shall make their report. (Sedgwick on Stat. Law, 368, 372, and cases cited.) The respondent insists also that the Act is unconstitutional. His reasoning on this point is conclusively answered by this Court in *Patterson* v. *Supervisors of Yuba County,* 13 Cal. 198; *Blanding* v. *Burr,* 13 Cal. 343; *Frank* v. *City and County of San Francisco,* 21 Cal. 695; *Napa Valley R. R. Co.* v. *Napa Co.,* 30 Cal. 435; besides other cases.

The object of this proceeding is to compel obedience to the Act on the part of the Supervisors of Lake County. We are entitled to have the road opened and declared a public highway. It has become their duty to approve the report, not to disapprove it; and the duty is made equally imperative by statute that they declare the road a public highway.

By the Court, Rhodes, J. :

The first point the defendants make in support of their demurrer to the petition is, that " the Act upon which the proceeding is based is fatally defective and void." The Act was approved March 31st, 1866, and it provides that the Viewers therein appointed shall " survey, locate and establish " the road between the points specified in the Act, and " report their proceedings in the premises to the Boards of Supervisors of the Counties of Solano and Lake on or before the first Monday in March, one thousand eight hundred and sixty-six." Reading the provisions of the Act literally, and requiring a strict compliance with its terms, the Act would be void, because an exact compliance is impossible. But from the fact that the Act was passed, and no provision is made limiting its operation upon any contingency, it must be held that it was the intent of the Legislature that the Act should go into operation. The first step in the process, is the location and survey of the route of the road by the Viewers, and as the report of the proceedings could not be returned until after the location and survey had been made, and as it was impossible to make the return at the time specified in the Act, it must be held that the provision respecting the time when the Viewers were to report their proceedings was directory. The books are teeming with cases in which the Court has come to the aid of the Legislature, and by construing one provision of an Act as mandatory and another as directory, so as to make them harmonize with the principal purpose of the Act, have made its operation possible. Several of those cases are cited in Sedg. Stat. and Const. Law, 368.

When a statute specifies the time at or within which an Act is to be done, it is usually held to be directory, unless time is of the essence of the thing to be done, or the language of the Act contains negative words or shows that the designation of the time was intended as a limitation of power, authority or right. The exercise of this authority

by the Courts has often, and sometimes not inaptly, been denominated judicial legislation, but its exercise has been too long continued and frequent to permit the authority to be now denied. It may safely be said that the Legislature of this State contemplated the exercise of this authority with a very liberal hand, if we may judge from the large mass of private, local and special statutes with which the legislation of this State for the last ten years has been cumbered—some of them containing provisions not only in conflict with the general laws, but incongruous among themselves, and sometimes in derogation of matters of common right.

The second point is that " the Act is not peremptory in its terms, but leaves the matter of the location of the road to the judgment and discretion of the Supervisors." The plain reading of section three is directly opposed to this position. It is there provided that it shall be the duty of the Board of Supervisors of the respective counties to meet, etc., " and upon the receipt of the report of the Viewers appointed in section one of this Act, to declare the road, as located by the Viewers thereof, a public highway." But section five returns to the report and commits to the Supervisors certain discretionary powers over the report of the Viewers. It provides that " when the report of the Viewers shall have been received and approved, the said Boards of Supervisors shall declare the road open," etc. It requires the exercise of judgment, if not discretion, to approve the report. But the point being thus determined does not assist the defendants, for the complaint is, that the Board of Supervisors refuse to act on the report. It is true that it is alleged that they have refused to declare the proposed road a highway, and to declare it open ; but these steps cannot be taken until the report is approved. The mandate can proceed no further than to order them to take action on the report as prescribed by the Act.

The third point is that the Act is null and void, the Legislature having no power to confer extra-territorial jurisdiction upon a Board of Supervisors. It is claimed that the

clause of section four, Article XI, of the Constitution—" the Legislature shall provide a system of county * * * governments, which shall be, as nearly as practicable, uniform throughout the State "—when read in connection with that clause of section five of the same Article, providing that the Supervisors shall " perform such duties as may be prescribed by law," clearly indicates that it was intended that their jurisdiction should be limited to their respective counties. We have no hesitation in saying that policy forbids the attempt on the part of the judiciary, at this late day, to determine how far it is practicable to maintain uniformity in the system of county governments. They are now so diverse, in most respects except the names of the bodies invested with governmental functions, that scarcely any two counties have governments similar in all particulars. The number constituting the different Boards, their terms of office, and more than all, their powers, and the mode prescribed for their exercise, are materially variant. And this state of things having been acquiesced in for so long a time, and rights of property of great magnitude having been acquired under this system, and being now dependent upon its legality, the authority to determine the question must be left where it has always been exercised—with the Legislature. In other words, the practical construction given to the clause is, that it is directory.

As to the second branch of the proposition, it is sufficient to observe that there is no clause of the Constitution inhibiting the Legislature from conferring upon the Board of Supervisors of one county, the power to lay out, open and maintain a road in another county. If the Legislature deem it expedient to authorize the Supervisors of Solano and Lake Counties jointly to locate, and require them to maintain a highway in Napa County, or to make the location of a road in Solano or Lake County dependent upon the approval of the Board of Supervisors of the other county, as is done in

this case, we see no constitutional objection to the enact-
ment.

Demurrer overruled.

Mr. Chief Justice CURREY did not express an opinion.