## THE STATE v. LAFFER.

1. **Criminal law**: DEFENDANT NOT A COMPETENT WITNESS. A person indicted for a criminal offense is not a competent witness in his own behalf, under the provisions of sections 3636, 4426, and 4556 of the Code.

2. **Intoxicating liquors**: PRACTICE. Instructions which left it to the jury to determine whether the liquors sold retained their distinctive character as intoxicating beverages, or whether by compounding with other substances, they had lost that character, were *held* to be correct.

3. **Venue**: JUDICIAL NOTICE. Courts are authorized to take judicial notice of the location of a county seat, and that it is within the limits of the county where court is being held, and to so inform the jury.

*Appeal from Keokuk District Court.*

THURSDAY, JUNE 11.

THE defendant was indicted jointly with one John Cattell, for causing a nuisance by keeping intoxicating liquors in a certain building in the county, with intent to sell the same contrary to law. Both defendants pleaded "not guilty," and Laffer also pleaded a "former acquittal" on the same charge. Upon a trial to a jury a verdict of guilty was rendered against Laffer, and a verdict of not guilty as to Cattell. The former appeals.

*Mackey & Donnell*, for appellant.

*M. E. Cutts, Attorney-General*, for the State.

MILLER, CH. J.—I. On the trial of the cause in the District Court, the appellant offered himself as a witness in his own
1. CRIMINAL LAW: defendant not a competent witness. behalf, and proposed to testify to facts showing that he was not guilty of the offense charged in the indictment. The District-Attorney objected

that the appellant was not competent under the law to testify in the case. The objection being sustained, appellant assigns this ruling as error.

The Revision of 1860 enacted: " Sec. 3978. Every human being of sufficient capacity to understand the obligation of an oath, is a competent witness in all cases, both civil and criminal, except as herein otherwise declared."

" Sec. 3980. On the trial of any issue joined, or of any matter or of any inquiry arising in any action or other proceeding in any court of justice, or before any person having by law or by consent of parties, authority to hear, receive, and examine evidence, no person shall be disqualified by reason of his interest in the same, or in the event of the same, whether such interest be as a party thereto, or otherwise."

" Sec. 3981. But nothing herein contained shall render any person who, in any criminal prosecution, is charged with the commission of any public offense, competent or compellable to give evidence therein for or against himself."

It will thus be seen that while the first and second of these sections established the general rule that all persons of sufficient understanding, whether interested as parties or otherwise, were competent witnesses in both civil and criminal proceedings, the section last set out clearly declared the incompetency of persons charged with the commission of a public offense. They were neither allowed to be witnesses for themselves, nor compellable to testify against themselves, under the provisions of the Revision of 1860. Has the law been changed in this respect by the enactment of the Code?

The Code Commissioners recommended as a substitute for § 3981 of the Revision, a section expressly providing that, in criminal trials and proceedings, the person charged should, " at his own request, but not otherwise, be deemed a competent witness." See Commissioner's Report, Title 22, Sec. 1, Ch. 28. It was thus proposed to change the law by repealing the provision which declared the defendant in a criminal prosecution neither competent nor compellable to testify for or against himself, and to enact a provision making him competent to testify *for* himself, or in other words to make himself a

witness or not at his own option. This proposed change in the statute, the General Assembly did not see fit to adopt. Their refusal to adopt the provision as proposed in plain and explicit terms, is evidence of an intention not to effect the same end by implication. In the chapter on evidence in title 22, of the Code, section 3978 of the Revision, is re-enacted as section 3636 of the Code, which is that "every human being of sufficient capacity to understand the obligation of an oath, is a competent witnesses in all cases, both civil and criminal, *except as herein otherwise declared.*" There is no other provision in this chapter relating to the competency of witnesses in criminal trials or proceedings. Section 4426 of the Code provides that, "the rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided;" and section 4556, (being part of chapter 27, of title 25) enacts, that "the rules of evidence prescribed in the civil part of this Code, shall apply to criminal proceedings as far as applicable, *and as they are not inconsistent with the provisions of this chapter;* but nothing contained in this title shall render any person who, in any criminal proceeding, is charged with the commission of any public offense, competent or compellable to give evidence thereon for or against himself." By this last section the law of evidence as contained in the civil part of the Code is adopted, and made a part of chapter 37, of title 25, so far as applicable and not inconsistent with the provisions of that chapter; then follows the provision prohibiting any person who in a criminal proceeding, is charged with a public offense, being competent or compellable to give evidence thereon for or against himself. This provision is substantially the same as section 3981 of the Revision, which was there a part of the civil practice act, but in the Code is embodied in the chapter on evidence in criminal cases. If therefore it be conceded that under chapter 1, of title 22, of the Code, the appellant would have been a competent witness, the provisions of section 4556, being in conflict therewith, and expressly enacting that a person in his situation shall not be rendered competent or compellable to give evidence for or against himself because of the adoption of chapter 1, of title 22, as a part of chapter 37,

of title 25, so far as applicable, the conclusion is irresistible that appellant is not, under the law, competent as a witness in his own behalf. That the General Assembly adopted the recommendation of the Code Commissioners, making the defendant a competent witness in his own behalf on *preliminary examination*, when charged with a public offense, (Code, 4237,) only strengthens the conclusion we have · reached. The General Assembly might very properly deem it expedient to allow a defendant this privilege on a preliminary examination, and inexpedient upon final trial.

II. Appellant requested the court to give to the jury the following instructions:

"If the jury find from the evidence that the intoxicating liquor of which defendants are accused of selling, was only sold after being prepared into a medicine, and compounded with other drugs, and was in fact not sold as a liquor, but was sold as a medicine, then such sales are no violation of the law.

"If the jury find from the evidence that the intoxicating liquors which the defendants are accused of selling, were at the time of such sale, prepared as a medicine by the defendants at their drug store, in good faith, and without any intent to violate the law, and were sold by them as such medicine in good faith, and without any intent on their part to violate the law, then such sale is no violation of law, and you should acquit the defendants."

These were refused, and the court gave the following:

"If you find that defendants sold any of the intoxicating liquors named in the instrument, at the time and places named therein, notwithstanding they may have put into it roots and tinctures, unless it changed the nature or character of the liquors, so that it was no longer whiskey or brandy, or whatever it may have been originally, at the time of the sale, it was a violation of law.

"If its distinctive character as an intoxicating liquor was so destroyed that it could not be used as a beverage, and it became in fact a medicine to be used for diseases, and of such

a character that it could not in reason, be styled or used as an intoxicating drink, its sale was not a violation of law."

The giving of these and the refusal to give those asked, appellant assigns as error. There was no error in these rulings. The instructions given state the law correctly and with clearness, while those asked by appellant were calculated to mislead the jury. The instructions given left it the jury to find whether the liquor sold was in fact a medicine, whether its distinctive character as intoxicating liquors was in fact changed into that of a medicine, or whether certain roots or tinctures which had not in fact changed the character of the liquor, had been compounded therewith.

This is the true test. So long as the liquors retain their character as intoxicating liquors, capable of use as a beverage, notwithstanding other ingredients may have been mixed therewith, they fall under the ban of the law, but when they are so compounded with other substances as to lose the distinctive character of intoxicating liquors, and no longer desirable for use as a stimulating beverage, and are in fact medicine, then their sale is not prohibited.

III.    The court directed the jury that it was necessary for the State to prove among other facts that the offense was committed in the town of Sigourney, where the court was sitting. It is urged that this was error; that the court should have told the jury that it must be proved that the offense was committed within the county. The court was authorized to take judicial notice that the town of Sigourney was the county seat of, and within the county of Keokuk, and to so tell the jury. So also, if the jury found from the evidence that the offense was committed in the town, they were authorized, without further evidence in the case, to find the town within the county of Keokuk. 1 Greenlf. on Ev., § 6, and note 7; *Middletown Savings B'k v. City of Dubuque*, 19 Iowa, 467; *Finn & Co. v. Rose*, 12 Id., 565; *State v. Schilling*, 14 Id., 455.

*3. VENUE: judicial notice.*

The judgment of the District Court must be

AFFIRMED.