ABBOTT v. SARTORI.

1. **Confession and Avoidance:** PLEADINGS: SUFFICIENCY OF. The allegations of the answer held to sufficiently confess the facts averred in the petition to permit the defendant to plead matters in avoidance.

2. **Sale of Liquors:** MONTHLY STATEMENT: ACTION FOR PENALTY. The provisions of section 1537, Code, that every person having a permit to sell intoxicating liquors shall make a return of his sales on the last Saturday of each month, as to the time of filing the return, are not mandatory. The statute is so far directory as to authorize the return to be filed at any time before an action is commenced for the recovery of the statute penalty.

*Appeal from Black Hawk District Court.*

WEDNESDAY, MARCH 22.

THE plaintiff alleges in his petition *that permission to buy and sell intoxicating liquors for the term of twelve months within Black Hawk county, as provided by chapter 6, title XI of the Code, was by the board of supervisors of said county, on the 9th day of January, 1879, granted, and on the 26th day of January, 1879, issued to the defendant Anton Sartori, and that he as principal, with other parties named, as sureties, executed a bond to said county for the use of the school fund, in compliance with the requirements of the statute, for the sum of three thousand dollars.*

Counts one to seven of the petition allege that in the month of February, and that in each of the succeeding months, the defendant made sales of intoxicating liquors to various persons, and that he did not, on the last Saturday of any of the months make to the auditor of said county any report in writing of said sales, nor any report showing the kinds and quantity of liquors sold, nor to whom sold, nor showing any of his doings as a purchaser, or sales of intoxicating liquors during said time.

The defendant, "for answer denies each and every allegation made and contained in plaintiff's petition, except such as are

Abbott v. Sartori.

hereinafter specifically admitted. The defendant further answering, states:

" 1. That he admits that he made the sales of intoxicating liquors, substantially as stated in the first count of the petition, and admits that he did not file a report thereof on the last Saturday of the month of February, A. D. 1879, but the defendant avers that he did file a report thereof fully complying with the statute, on the 15th day of March, A. D. 1879, which said report shows all sales and purchases for the month of February, A. D. 1879, and including the sales mentioned in the said count of the petition."

In the other divisions of the answer, numbered from two to seven, the defendant admits that he made the sales substantially as stated in counts two to seven of the petition respectively, and that he did not file a report thereof on the last Saturday of each month, but that he did file reports, fully complying with the statute, for the month of March, on the 17th day of April; for the month of April, on the 21st day of May; for the month of May, on the 14th day of July; for the month of June, on the 14th day of July; for the month of July, on the 12th day of September; for the month of August, on the 12th day of September.

The plaintiff demurred to this answer. The demurrer was overruled. The plaintiff elected to stand upon the demurrer, and judgment was entered against her for costs. The plaintiff appeals.

*Hemenway & Polk*, for appellant.

*J. J. Tollerton* and *Boies & Couch,* appellees.

DAY, J.—I. The first point presented in the demurrer, and insisted upon in argument, is that the defendant does not in his answer so confess the facts, averred in the petition, as to permit him to plead matters in avoidance. It is insisted that the defendant does not admit that he executed a bond or sold un-

der a permit. The first count of the petition avers: "That the defendant at said county and State, from the 1st until the 22d day of February, 1879, under and by virtue of said permit, did engage in, and continue .the sale at retail, of intoxicating liquors, and did then and there sell to divers persons, intoxicating liquors." The other counts of the petition contain the same averments as to the other months in question. The first count of the answer states that defendant "admits that he made the sales of intoxicating liquors, substantially, as stated in the first count of the petition." The other counts of the answer contain the same admission as to other counts of the petition. Here is a clear admission that the sale was under a permit. To the suggestion that the answer does not admit the execution of a bond, it may be said that the several counts of the petition do not allege the execution of a bond, unless what precedes the portion of the petition designated as count 1st, and which is indicated in the statement in italics, be incorporated into and regarded as a part of the several counts of the petition; and, if it be so incorporated and considered, it is admitted in the answer, for the admission is as broad as the allegation. We think this position of the appellant is not tenable.

II. The principal question in the case is whether the answer of the defendant shows that he has substantially complied with the statute. Section 1537 of the Code provides that every person having a permit for the sale of intoxicating liquors "shall make on the last Saturday of every month, a return in writing to the auditor of the county, showing the kind and quantity of the liquors purchased by him since the date of his last report, the price paid and the amount of freights paid on the same; also the kind and quantity of liquors sold by him since the date of his last report, to whom sold, for what purpose, and what price; also the kind and quantity of liquors remaining on hand, which report shall be sworn to by the person having the said permit, and shall be kept by the auditor, subject at all times to the inspection of the public."

Section 1538 is as follows: "Any person having such permit, who shall sell intoxicating liquors at a greater profit than is herein allowed, or who shall fail to make monthly return to the auditor as herein required, or shall make a false return, shall forfeit and pay to the school fund of the county the sum of one hundred dollars for each and every violation of the provisions of this chapter, to be collected by civil action upon his bond by any citizen of the county, before any court having jurisdiction of the amount claimed, and for the second conviction, under the provisions of this chapter, the person convicted shall forfeit his permit to sell." It is claimed by the appellant that this statute, so far as the time for filing the report is concerned is mandatory, whilst the appellee insists that it is merely directory.

The cases upon the question, under what circumstances a provision in a statute may be declared directory, and when it must be regarded as mandatory, are very numerous, and they are, perhaps, not all capable of reconciliation. In Cooley's Constitutional Limitations, page 73, it is said: "In respect to statutes it has long been settled that particular provisions may be regarded as *directory* merely; by which is meant that they are to be considered as giving directions which *ought* to be followed, but not as so limiting the power in respect to which the directions are given, that it cannot be effectually exercised without observing them. The force of many of the decisions on this subject will be readily assented to by all; while others are sometimes thought to go to the extent of nulifying the intention of the legislature in essential particulars." And upon page 77, the following language is employed: "Those directions which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt, conduct of the business, and by a failure to obey which, the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory; and if the act is performed, but not in the time or in the precise mode indicated,

it may still be sufficient, if that which is done accomplishes the substantial purpose of the statute. But this rule presupposes that no negative words are employed in the statute which expressly, or by necessary implication, forbid the doing of the act at any other time or in any other manner than as directed." In *Hinford v. The City of Omaha*, Grant, J., after a full review of the authorities upon the subject, lays down the rule of construction substantially as above indicated. In a note to Potter's Dwarris on Statutes, page 223, it is said: "When a statute directs a person to do a thing in a certain time, without any negative words restraining him from doing it afterwards, the naming of the time will be considered as directory to him, and not as a limitation of his authority."

This proposition is sustained by the following authorities: *The People v. Board of Supervisors*, 33 Cal., 487; *Pond v. Meyrs*, 3 Mass., 230; *Ex parte Heath*, 3 Hill, 42; *The People v. Cook*, 14 Barb., 290; *The People v. Allen*, 6 Wend., 486; see, also, *Dawson v. The People*, 25 N. Y., 399; *Toney v. The Inhabitants of Milbury*, 2 Pick., 64. In *Hinford v. The City of Omaha*, 4 Neb., 336 (350), it is said: "When the particular provision of the statute relates to some immaterial matter, where compliance is a matter of convenience rather than substance, or when the directions of the statute are given with a view to the proper, orderly, and prompt conduct of business merely, the provision may generally be regarded as directory."

Applying the foregoing authorities to the question in hand, we are of opinion that the provision of the statute as to the time of filing the report designated is not mandatory, and that the statute may be substantially complied with, by filing the report after the time indicated. It is true that section 1538 of the Code provides for a forfeiture for the failure " to make monthly return to the auditor as herein required." But this, we think, applies to a failure in matters of substance, and not merely as to time. The primary object and substantial purpose of sec-

tion 1537 are to guard against sales for an unlawful purpose, and at a greater rate of profit than the law authorizes, and to furnish to the public the means of detecting violations of the law. Any person examining the reports in the auditor's office, after the last Saturday of a given month, and finding that anyone selling liquors under a permit had failed to make return of the liquors bought and sold by him, as required in section 1537, would be authorized at once to institute a suit for the collection of the penalty prescribed in section 1538, and, it is probable that the action could not be defeated by making a report after the commencement of the action. But if, before the commencement of the action, the report required in section 1537 is deposited with the auditor, though not deposited upon the very day required by the statute, theie is, we think, a compliance with the statute in all matters of substance.

A report deposited after the day fixed in the statute furnishes the means of detecting violations of the law, and if in the meantime no action has been commenced, no one has suffered any substantial prejudice by the delay. The liability to action during the period that the report is wanting, will always furnish an incentive to make the report as promptly as possible. When this action was commenced the defendant had made report for every month for which the forfeiture is claimed, and had furnished all the information which the statute required. The object of the statute had been fully attained. The only complaint is that the reports were not filed on the last Saturday of each month. The statute, we think, is so far directory as to authorize the report to be made at any time before an action is commenced for the recovery of the forfeiture. It follows that, in our opinion, the demurrer was properly overruled.

AFFIRMED.

ADAMS, J., dissents as to last point.