MARCH TERM, 1886.                381

The State, ex rel. Pearson, v. McEntee et al.

REVERSED.

___

THE STATE, EX REL. PEARSON, v. McENTEE ET AL.

1. **Intoxicating Liquors:** DUTY OF PERSON HOLDING PERMIT TO MAKE RETURN: PENALTY. A person who holds a permit to manufacture or sell intoxicating liquors, and who fails to make returns to the county auditor on the last Saturday of each month, or within five days thereafter, renders himself and bondsmen liable for the penalty prescribed by § 8, chapter 143, Laws of 1884. *Abbott v. Sartori*, 57 Iowa, 656, distinguished.

2. **Statutes:** INTERPRETATION OF AMENDMENT. In order to determine the legislative intent in an amendment to a statute, it is proper to consider the construction which the courts have placed on the statute prior to its amendment.

*Appeal from Polk Circuit Court.*

FRIDAY, MARCH 19.

THE petition, in substance, states that the defendant McEntee was granted a permit to buy and sell intoxicating liquors, as provided in sections 1526 to 1538, inclusive, of the Code, as amended; and that he gave a bond conditioned as provided by law; and that the condition of said bond has been broken by his failing on the last Saturday in June, 1885, or within five days thereafter, to make a return in writing to the county auditor, as provided by statute. The petition further states that said McEntee failed to make a similar report on the last Saturday in July, 1885, and this action is brought to recover the statutory penalty imposed by reason of such failure. A demurrer to the petition was sustained, and the plaintiff appeals.

*Brennan & Carpenter* and *A. J. Baker, Attorney-general,* for the State.

*Macy, Sweeney & Sherman,* for appellee.

SEEVERS, J.—But for an amendment to the statute, *Abbott v. Sartori,* 57 Iowa, 656, would control the decision in this case. The facts in each are precisely the same, and it may well be presumed that the circuit court thought that case was decisive of this. The duty of the person holding a permit to make a return in writing is prescribed by section 1537 of the Code. It has not been amended, but remains in force in the precise form it did when the cited case was decided. By reference to that case it will be found that the statute then in force provided that for a failure "to make the monthly return, as herein provided" the person holding the permit became liable to the statutory penalty. It was thought by the court that the statute was directory, and that for a failure to make a return on the designated day the defendant was not

liable for the statutory penalty. The statute under considera-tion in that case has been amended, and it now provides that the return must be made on a named day, or "*within five days thereafter;*" and the question to be determined is whether this statute should be regarded as directory or man-datory.

For the purpose of determining the legislative intent, and the proper construction to be given to an amendment to a statute, it is proper to take into consideration the prior stat-ute, and the construction thereof adopted by the courts, and, from a consideration of the latest expression of the legislative will, determine the construction that should be adopted. In view of the decision of this court, the words " within five days thereafter" are quite significant, and are entitled to great consideration. It must be presumed they were incorporated into the statute for some purpose. Now, what was that pur-pose? Clearly, we think, that the return must be made on the named day, or within five days thereafter. It must be assumed that the general assembly is conversant with the decisions of this court, at least as to the construction of stat-utes. This being so, it may be further assumed that the gen-eral assembly, by the use of the additional words, sought to change the rule that had been adopted by this court. But, be this as it may, we are clearly of the opinion, in view of the change in the statute, that it should now be regarded as man-datory, and therefore the circuit court erred in sustaining the demurrer.

REVERSED.