THE STATE *ex rel.* BRADEN v. CHAMBERLIN *et al.*

1.  **Intoxicating Liquors:** SALE UNDER PERMIT: INCORRECT REPORTS: MISTAKE: LIABILITY ON BOND.   In an action on a bond given to procure a permit to sell intoxicating liquors, the alleged cause of action was that the defendant made false returns to the auditor.   Defendant, in an amendment to his answer, stated in substance that the reports were erroneous in several particulars, but that such errors were the result of mistakes on his part.   *Held* that the amendment should have been stricken out on motion, because, in an action at law at least, the penalty of the statute cannot be avoided on the ground of mistake.   (Compare *State v. McEntee,* 68 Iowa, 382; *Abbott v. Sartori,* 57 Iowa, 661).

2.  **Bill of Exceptions:** TIME OF FILING: EXTENSION BY AGREEMENT.   The time of filing a bill of exceptions may be extended by the stipulation of the parties filed in the case, and such agreement will be binding without the approval of the court.

3.  **Appeal:** WHAT EVIDENCE TO BE CERTIFIED.   Where the appellant in a law action seeks to have the judgment reversed on the ground that the court erred in dismissing the case on the evidence given and received, it is not necessary or proper to bring to this court the evidence offered but not received.   (Code, sec. 2741).

4.  **Intoxicating Liquors:** SALES UPON PRESCRIPTIONS UNDER PERMIT: RETURN TO AUDITOR.   The statute requires one selling intoxicating liquors under a permit to return to the auditor an account of his sales made upon physicians' prescriptions, as well as other sales.

*Appeal from Buchanan District Court.*—HON. C. F. COUCH, Judge.

FILED, MARCH 12, 1888.

ACTION on a bond given under the provisions of section 1538 of the Code, to procure a permit for the sale of intoxicating liquors.    The case was tried by the

court, and judgment entered, dismissing the case and taxing the costs to the county. Plaintiff.appeals.

*H. W. Holman,* for appellant.

*Woodward & Cook,* for appellees.

ROBINSON, J.—The petition alleges that a permit to buy and sell intoxicating liquors in Buchanan county was duly issued to defendant M. A. Chamberlin, and that to obtain the same he gave a bond as required by law, executed by himself and by his co-defendants as sureties ; that, during the months of January, February, March and April, 1885, the defendant Chamberlin failed to make to the auditor of Buchanan county the returns in writing required by law, and that he made a false return for each of said months. Judgment against defendants for eight hundred dollars is demanded. Defendants admit the execution of the bond and the issuing of the permit as alleged, but deny the breaches of the conditions of the bond charged, and aver that Chamberlin substantially complied with all the requirements of law for the months named.

I.   Defendants filed an amendment to their answer, in which they allege, in substance and effect, that the reports for the months in question were erroneous in several particulars named, and that such errors were the result of mistakes on the part of defendant Chamberlin.

1. INTOXICATING liquors: sale under permit: incorrect reports: mistake: liability on bond.

Plaintiff filed a motion to strike this amendment from the answer. The motion was overruled, and the correctness of that ruling is submitted for our determination. The question it raises is, whether a mistake in making the reports required by section 1537 of the Code can be pleaded and proven as a defense in an action to recover the statutory forfeiture for failure to make such reports. Section 1538 of the Code provides that "any person holding a permit either to manufacture or sell, who shall fail to make monthly returns as herein required, or within five days thereafter, or

who shall make a false return, shall forfeit for each offense the sum of one hundred dollars, to be recovered in the name of the state of Iowa, upon the relation of any citizen of the county, by civil action on his bond, with costs." The right of action under this section becomes vested upon the failure of the liquor-seller to make a return which shall comply with the statutory requirements, within the time limited. We held in *State v. McEntee*, 68 Iowa, 382, that the requirement of the statute as to time of making the return is mandatory. But we said under a former statute, which was directory only, that it was "probable that the action could not be defeated by making a report after the commencement of the action." *Abbott v. Sartori*, 57 Iowa, 661. Under the authority of these cases, it is evident that the making of a return after the date fixed by statute would constitute no defense to this action. It is the purpose of the statute to secure the making of prompt and accurate returns, as an inducement to comply with the law in regard to the sale of intoxicating liquors, and as a means of enforcing it. The right of plaintiff to recover does not depend upon the intent with which the returns in question were made, but upon their accuracy and sufficiency. This being true, it follows that defendants cannot escape liability by showing that such returns do not comply with the statute. We, therefore, conclude that the amendment should have been stricken from the answer. We do not decide that there can be no relief from a mistake made without negligence, which a court of equity might correct. That question is not involved in this case. Equitable relief is not asked, nor is any ground therefor shown.

II. The appellees claim that the evidence in this case was not made a part of the record as required by law, and, therefore, that this court cannot inquire into the merits of the controversy. It appears that judgment was rendered on the twelfth day of November, 1886. It recited that, "by agreement of the parties in open court, plaintiff is granted ninety days in which to file a

2. BILL of exceptions: time of filing: extension by agreement.

bill of exceptions." No bill of exceptions was filed within the ninety days named, but the attorneys of the respective parties to the suit entered into an agreement in writing, extending the time of filing the bill of exceptions to the first day of March, 1887. On that day the bill of exceptions and stipulation aforesaid were filed. It is insisted by appellees that, because the stipulation was not incorporated in the bill of exceptions nor approved by the court, it is without effect. In this view we do not concur. It was competent for the attorneys to agree to an extension of time, and when their agreement was filed it was the proper evidence of the agreement, and a part of the record of the case. Code, secs. 213 (par. 2), 3184. There was no occasion to incorporate it in the bill of exceptions, nor to have it approved by the district court. Section 2831 of the Code provides that the bill of exceptions shall be filed "during the term, or within such time thereafter as the court may fix, but in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of parties or by order of the judge." It seems to be the thought of the attorneys for appellees that the consent of the parties has no force, except as it may be approved by the court. If this be true, the extension cannot be had "by order of the judge," without the approval of the court, for the phrases, "by consent of parties," and "by order of the judge," stand in the same relation to the clause, "within such time thereafter as the court may fix." But such a construction would make a portion of the provisions under consideration practically inoperative. We do not think there is anything in the law which prevents an extension of time by agreement of parties, and hence conclude that the bill of exceptions was duly filed.

III. It is next claimed by appellees that this court cannot consider the merits of the case, because the evidence offered, but not received on the trial, was not made of record. The trial judge certified that the bill of exceptions

3. APPEAL: what evidence to be certified.

contains "all the evidence given and received on the trial." It is true, as a general rule, that this court cannot try a cause *de novo*, unless all the evidence offered in the district court, whether received or not, is submitted to it. But this is not an equitable action, and the appellant is not seeking a trial here, but asks us to reverse the judgment of the district court, and, as one ground for such action, claims that there was error in dismissing the case on the evidence given. That evidence is preserved by the bill of exceptions, and is before us. Section 2741 of the Code provides that no evidence shall be brought to this court, except such as may be necessary to explain any exceptions taken in the cause. The evidence offered, but rejected, is not necessary to a determination of the exception taken by the appellant; hence it should not have been brought here. Whether it was preserved or not is immaterial.

IV. The appellant insists that the district court erred in dismissing the action. We assume that it was

4. INTOXICATING liquors: sales upon prescriptions under der permit: return to auditor. dismissed on the theory that it was not sustained by the evidence. The defendant Chamberlin testified as follows: "I did not report sales on prescriptions. If a man came to my place and got whisky on prescription during that time, I did not put it down, even if there were no other articles with the whisky. * * * I did fill prescriptions from other physicians of clear liquors. I did that repeatedly during the four months, and in every one of those months. None of those appears in these reports." The only kind of liquors under consideration was intoxicating liquors. This evidence was not only competent, but it was unusually direct and clear. It is not claimed that sales on prescriptions were omitted from the returns by mistake, hence the court could not have refused to consider evidence of them on that ground. The sales on prescriptions were not denied by any one; hence, must be considered as fully established. That a failure to make return of such sales was a violation of law cannot be questioned. The fact that the liquors sold on prescription may have been

intended for use as medicine did not, in any manner, affect their character nor release Chamberlin from the duty of making return of such sales. *State v. Laffer*, 38 Iowa, 425. It is proper to say that the attorneys for appellees do not claim that the failure to return the sales in question was not a violation of law. The evidence submitted fully establishes the right of plaintiff to recover judgment ; hence, it was error in the court to dismiss the action.

REVERSED.