## ALLOWANCES TO COUNTY OFFICES.

Common Pleas Court of Franklin County.

IN THE MATTER OF HOMER Z. BOSTWICK, PROBATE
COURT—APPLICATION CONCERNING
ALLOWANCE.

Decided, December 23, 1918.

*Limitation on Time for Official Action—Determination as to Whether
a Statutory Provision is Directory or Mandatory—Method of In-
terpreting the Words "Shall" and "May"—Transfers from the
General Fund to Officer's Fee Fund.*

Where the allowance for clerk hire, etc., for a county office is found
to be inadequate to meet the necessary expenses of that character
for the year it was intended to cover, and the allowance has been
kept within the maximum amount which may be made for that
office, it is competent for the county commissioners, upon ap-
plication being made in that behalf, to amend or add to the
sum so fixed an amount sufficient to complete the year, if not
greater in the aggregate than the maximum fixed by law, not-
withstanding such action is taken more than five days subsequent
to the 20th of November, the date fixed by Section 2980 for the
filing by such officers of a statement in detail of the probable
amount which will be required to meet office expenses for the
year beginning the first of January following.

KINKEAD, J.

Application is made for an order concerning an allowance
for clerk hire in the office of the probate judge. November 22,
1916, Samuel L. Black, then probate judge, requested the board
of commissioners to make an allowance of $16,500 for clerk
hire for the year beginning January 1, 1917. The earnings of
the office for the year ending September 30, 1916, reported to
the auditor were $33,923.53. Out of this sum the commissioners
could have allowed a maximum of $24,135 but allowed the
sum of $16,500 on November 23, 1916, for the year beginning
January 1, 1917, in accordance with Section 2980-1, General

Code. It was stipulated in such order that probate judge Black should be allowed to expend $1,763 for clerk hire for the period from January 1, 1917, and ending February 8, 1917.

February 6, 1917, it was apparent that the allowance made November 30, 1916, for the year 1917, diminished as it was by $1,763 expended by Judge Black, would be inadequate for the remaining portion of the year. It was shown that many records were left incomplete in the former term, and it was apparent that additional allowance for clerk hire to bring up the back records was essential. Therefore the county commissioners unanimously voted a resolution to amend their allowance of November 22, 1916, by increasing the amount allowed the probate court to the sum of $16,970, making in substance an additional allowance of $2,233 for the period beginning February 9, 1917, and ending December 31, 1917. This allowance was made February 6, 1917. The total allowances thus made lacks the sum of $5,402 of being as much as $18,733 which could have been allowed for that year.

Under Section 2980 it is provided that:

"Not later than five days after the filing of such statement (by the county officer to be filed November 20th each year) the county commissioners shall fix an aggregate sum to be expended for such period," etc. (This is the next year beginning January 1st, 1917, in this case.)

Section 2980-1 (amended 105-6 O. L., 14) in substance provides that the aggregate sum so fixed in any year shall not exceed for any office, an aggregate amount to be fixed by computation upon earnings of such office for the preceding year ending September 30th.

In other words, the commissioners may make an allowance up to the limit or aggregate sum permitted under the statute based upon the earnings.

Section 2980-1 contains the provision:

"Provided, however, that if at any time any one of such officers require additional allowance in order to carry on the

business of his office, said officer *may* make application to a judge of the court of common pleas," etc.

This action requires the judge to hear such application and if he finds a necessity exists, he may allow such sum as he deems necessary for the purpose.

The amendment in 105 O. L., 14, requires notice of the application to be given the county commissioners, and that such board *shall* file in such proceeding their approval or disapproval of the allowance asked.

Another provision may be pertinent, namely, that when the term of an incumbent shall expire within the year, the county commissioners shall at the time of making the allowance, designate the amount thereof which may be expended by the incumbent and the amount to be expended by the successor.

It is to be noted that the action taken by the commissioners on February 6, 1917, two days before Judge Bostwick entered upon his office, was characterized as an *amendment* of the allowance of November 22, 1916, by increasing the amount to the total sum of $16,970, which was not in excess of the amount which the commissioners could allow under the statute.

The difference of opinion seems to be the power and authority to make allowances subsequent to the date fixed by statute for allowance by the county commissioners, namely, "Not later than five days after the filing of such statement," November 25th of each year.

It is understood that the state auditing department and the Attorney-General has so interpreted the statute that after the county commissioners have made one allowance, subsequent applications for additional allowances *must* be made to a judge of the court of common pleas; that the county commissioners can not *amend* the allowance at a later period or increase the allowance where the total allowance is kept within the maximum amount which the commissioners are permitted to make. The view taken by the state department is that the increase or additional allowance made by the commissioners February 6, 1917,

was unauthorized and illegal; that it could only be made by application to a common pleas judge. The court does not coincide with this view; it is not founded on well settled rules of interpretation.

The question depends upon the character or extent of the power conferred upon the respective officials—upon the meaning of the law. It will not be denied that the power conferred upon both commissioners and judge is administrative and not judicial.

The commissioners are vested with discretion; the statute requires that the sum allowed *"shall be reasonable and proper"*; they may make an allowance up to the full extent authorized or of a less sum.

Whether the commissioners were authorized at any time within the period of the year 1917 and subsequent to the date fixed by statute for making the same, to-wit, "not later than five days after the filing of such statement," or subsequent to November 25, 1916, to make an amendment of their original allowance, increasing the total amount for the year, but not beyond the maximum fixed by statute, will depend upon the following questions:

1. Are the limitations of the time of official action prescribed by Section 2980 mandatory or directory merely?

2. May the commissioners at any time allow the aggregate sum or any less sum within the limitation of the maximum amount?

3. Or after having made one allowance less than they could have made, is the provision that *"if at any* time * * * such officers require additional allowance" *"said* officer *may* make application to a judge," etc., mandatory, and does it require that all applications for allowances subsequent to the first one made by the commissioners shall be made to a judge?

A mandatory provision in a statute is one, the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding. Wheth-

er a statute is mandatory or directory does not depend upon its form, but upon the intention of the Legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other. When a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly, and prompt conduct of business, the provision may be generally regarded as directory. 36 Cyc., 1157, 1158.

A statute specifying a time within which a public officer is to perform an official act regarding the rights of others is directory merely, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered a limitation upon the power of the officer. 36 Cyc., 1160. The word ''shall'' is to be construed as merely permissive, where no public benefit or private right requires it to be given an imperative meaning. 36 Cyc., 1161.

Judge Spiegel quite accurately states the rule in *State* v. *Board*, 8 N. P., 186, 189:

''An act in which the Legislature makes both words 'shall' and 'may,' applicable to the same subject-matter, will be construed to be mandatory only where public interest or rights are concerned, where the public or individuals have a claim *de jure* that the power should be exercised, or where something is directed or to be done for the sake of justice. In such cases only an intent is to be inferred that, in using both a facultative and mandatory phrase for the performance of the same act, the Legislature really meant to enjoin an imperative duty.'' See *People* v. *Board,* 33 Cal., 487.

The county commissioners are clothed with unequivocal power to fix or determine the amount to be allowed for clerk hire at any time and for any amount within but not beyond the maximum sum defined by statute.

This conclusion is reached by application of well settled fundamental rules of statutory construction hereinbefore set

forth.    The rule by which the word *shall* is read *may,* and *may* is. read *shall* when the portion of the statute wherein the word *shall* is used directory only, and that part of the statute wherein *may* is used is mandatory, and must be interpreted to mean *shall,* is axiomatic.

Sections 2980 and 2980-1 as amended in 105-6 O. L., 14, 15, being parts of the same original act must be construed and interpreted as one act, having for its purpose the making of provision for employment and compensation of clerks, deputies and assistants of probate judges, county auditors, county treasurers, clerks of court of common pleas and sheriffs.

It is to be noted that Sections 2980 and 2980-1 confer express power upon the commissioners to "fix an aggregate sum to be expended" and prescribes the mode of fixing the aggregate sum to be expended in any year for clerks, etc., as well as the express power of determination by a judge of the necessity of an "additional allowance in order to carry on the business of his office," as he deems necessary.

The rules of statutory construction—whether the rules concerning the mandatory or directory character are to be applied in aid of a true interpretation of the two provisions depends upon the general purport and intent of the act.

The commissioners are authorized to fix an aggregate sum to be expended for the period, which

"*aggregate sum so fixed by the county commissioners to be expended in any year* * * * *shall not exceed* * * * *an aggregate amount to be ascertained by computing*"—(according to the percentages on the amount of) "fees, costs, percentages, penalties, allowances and other perquisites collected for the use of the county in any such office for official service during the year ending September thirtieth next preceding the *time of fixing such aggregate sum; provided, however, that if at any time any one of such officers require additional allowances* in order to carry on the business of his office, *said officer may* make application to a judge of the court of common pleas * * * and if, upon hearing the same said judge shall find that such necessity exists, he may allow such a sum of money as he deems necessary, etc., * * * *and thereupon the board of county*

*commissioners shall transfer* from the *general county fund,* to such *officers' fee fund* such sum of money as may be necessary to pay said salary or salaries.''

It is thus made apparent and clear that the *aggregate sum so fixed by the commissioners* may be the full amount of the maximum allowed, and that the amount which they *may* make *must* come out of the "officer's fee fund."

It is also made clear and certain that a judge of the common pleas court is given no power whatsoever to make an additional allowance to be paid out of the *"officer's fee fund."*

The *additional allowance* which the judge is expressly authorized to make is mandatorily required to be taken from the *general county fund* and transferred by order of the county commissioners to the *officer's fee fund.*

It thus is clearly manifest that the settled rules of statutory construction heretofore set forth, that the word *shall* in Section 2980, viz., "not later than five days, etc.,   *   *   *   the county commissioners *shall* fix an aggregate sum," etc., must be construed *may* in accordance with the general intent and purport of the statute, because the amount of any additional allowance made by a judge can not be ordered paid out of the "officer's fee fund," but is only to be paid out of the fund ordered by the commissioners to be transferred from the general fund to the fee fund.

It is equally clear that the word *"may"* in Section 2980-1, "said officer *may* make application to a judge," etc., is to be read *shall* for the quite obvious reason that the judge is given no express or implied power to order an additional allowance out of the fee fund, being on the contrary expressly authorized to make an additional allowance to be paid out of a fund transferred by order of the judge from the *general county fund* to the officer's fee fund.

The familiar doctrine quoted from the opinion of Spiegel, J., in *State* v. *Board, supra,* is particularly applicable to the two Sections, 2980 and 2980-1, and will bear repetition in this connection:

"An act in which the Legislature makes both words *shall* and *may* applicable to the same subject-matter, will be construed as mandatory only where the public interests or rights are concerned," etc.

When permissive and optional and a mandatory phrase, the intent and purpose may be gathered from the general purpose and effect of the act.

It is made clear that a judge is not authorized to make an additional allowance out of the officer's fee fund so that it is apparent that the two sections mandatorily require the commissioners to make the allowances that are to be paid out of the fee fund, and that the judge has power only to make an additional allowance when that fund is exhausted and which shall be paid out of the general county fund.

This discloses the wisdom of requiring that there shall be a full hearing of the application before the judge, and the commissioners whose special province it is to handle the general finances of the county shall give their approval or disapproval, as well as the right to appear at such hearing and to offer evidence. Nobody knows better than they whether the county can afford to have an additional allowance for clerk hire to be paid out of the "general county fund."

It is also clear that the direction of Section 2980 as to the time of making the allowance by the commissioners is a mere matter of convenience, having a view to the proper, orderly and prompt conduct of business.

The nature of the act of fixing the allowance by the commissioners is not such that it is to be regarded as a limitation upon their power, or that it is of the essence of the thing to be done.

The use of the word *shall* in Section 2980 (the commissioners *shall* fix an aggregate sum) in connection with the word *may* in Section 2980-1 (providing that a judge of the court of common pleas *may* allow such sum as he deems necessary, etc.), can not be construed as mandatory so far as concerns the commissioners on the ground that the public interests are affected

where the commissioners have not exercised their discretion concerning the vital matter and where they have kept their action entirely within the letter and spirit of the law.

The judgment of the court is that the action of the commissioners was lawful and should be approved, for the reason that the commissioners in making the amended allowance of February 6, 1917, did not exceed their power, and their action was lawful and within the maximum amount which they were permitted to allow.