39 465
¹31 10

## THE STATE v. BIXBY.

1. **Evidence:** JUDGMENT. Want of credibility in the principal witness is not sufficient ground for disturbing a judgment, when his testimony is supported, as well as assailed, by other evidence.

2. ——: CORROBORATION OF WITNESS. The testimony of a witness, who is corroborated in one particular, thereby acquires credibility with refence to other matters.

3. **New trial:** WHEN MOTION FOR MUST BE MADE. A motion for a new trial must be made before a judgment is rendered.

4. **Evidence:** COMPETENCY: TRIAL. A person is not a competent witness in his own behalf, in a trial on an indictment against himself. Following *The State v. Laffer*, 38 Iowa, 422.

*Appeal from Blackhawk District Court.*

FRIDAY, SEPTEMBER 25.

THE defendant was indicted and convicted of larceny, and appeals to this court. The facts of the case fully appear in the opinion.

*Miller & Preston*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—I. The first reason assigned by defendant's counsel for the reversal of the judgment is, that the evidence 1. EVIDENCE: was insufficient to authorize defendant's convic- judgment. tion. It is not to be denied that the direct evidence of the principal witness against defendant is, in many particulars, entitled to little confidence. Indeed, upon his evidence alone, the conviction could not be supported. He was, when he testified, under indictment for the same offense, and confessed to having made contradictory statements when not under oath, in regard to matters connected with the case, and he denied other statements which were proved. In truth, it cannot be denied that his credibility, as shown by the abstract, was of the lowest order. But he is corroborated in many and important particulars by several witnesses. The crime

of defendant was the larceny of a cow. The witness referred to testified that defendant sold him the cow and brought it to a slaughter house used by him. He is corroborated, as to the purchase, by a witness who was present, as well as to the payment. Another witness testifies that, about the time, defendant informed him the first witness referred to owed him about the sum agreed to be paid for the cow. Defendant aimed to mislead the owner of the animal when making search for it after the larceny was discovered, and about the day the offense was committed he offered to sell cattle to a butcher in another town, passing under an assumed name. There are several other strong circumstances against him, disclosed by witnesses other than the one first referred to. Indeed, leaving out the testimony of that witness, there is enough to convict him were the property traced to his possession. The evidence of the witness who bought the cow of defendant, is, to our minds, satisfactorily corroborated upon that point. At all events, it is one of those cases where the jury and trial judge, having all the witnesses before them, were better able to determine the question of their credibility than we can be; in the exercise of their solemn duties they have considered the evidence sufficient to authorize a conviction. We cannot interfere with a judgment rendered on the mere ground of conflict of evidence and want of credibility of one witness whose testimony is supported, as well as assailed, and not entirely destroyed.

II. Objections are made to rulings of the court in the admission of the evidence. We find no foundation for them in the abstract. They cannot, therefore, be considered.

III. The court directed the jury that, if they were satisfied a witness spoke the truth as to matters in which he was corroborated by unimpeached witnesses, this would be ground for giving him credit as to matters in which there was no corroboration. The instruction is the ground of objection made by defendant. We think it is correct and accords with rules laid down in the books.

2. ———: ———; corroboration of witness.

IV. In the same instruction the jury are informed that no question was raised as to the competency of a witness, for the

reason that he was an accomplice. This is also complained of. The abstract does not contradict the statement of fact of the instruction. It must, therefore, be taken as correct.

V. Separate instructions as to the effect of the good character of a witness, and of direct evidence, upon the subject of *reasonable doubt*, and the law of principal and accessory in the usual language of the books or of the statutes, are objected to. They demand no discussion, as they are but repetition of familiar rules.

VI. Objections based upon the fact that the property stolen was shown by the evidence to belong to a person other than the one alleged to be the owner in the indictment, and another upon the manner of impaneling the jury, have no support in the facts found in the record.

VII. After the cause was appealed to this court, and at a term subsequent to the conviction and sentence, a motion was 3. NEW TRIAL: made for a new trial on the ground of newly dis-when motion for must be covered evidence. It was overruled because not made. made before judgment. It does seem to us, in view of the explicit language of Rev., § 4855, counsel ought to have submitted to that ruling. This provision left no discretion for the district judge. The language is explicit, that motions for new trial must be made before judgment.

VIII. The defendant offered to introduce himself as a 4. EVIDENCE· witness in his own behalf, and was refused. We competency: trial. held, in *The State v. Laffer*, 38 Iowa, 422, that one is not competent to testify in his own behalf in a trial on an indictment against himself. ··

AFFIRMED.