THE STATE v. DARRINGTON.

1. **Criminal Law**: EVIDENCE: THREAT TO COMMIT OFFENSE. A party held to keep the peace in a preliminary examination upon an information charging him with threatening to commit a public offense is not a competent witness in his own behalf.

*Appeal from Winneshiek District Court.*

SATURDAY, DECEMBER 15.

ON the 12th day of June, 1876, the defendant was arrested and brought before a justice of the peace of Winneshiek county, upon an information charging him with threatening to commit an assault and battery on one W. G. Esterbrook. Upon examination before said justice defendant was required to give bonds in the sum of one hundred dollars to abide the order of the District Court, and in the mean time to keep the peace toward the people of the State of Iowa, and more especially toward W. G. Esterbrook; defendant did not appeal from the judgment of the justice for costs. Afterward, at the February Term of the District Court of Winneshiek county, the cause coming on for hearing, defendant appeared and offered himself as a witness to prove that the proceeding was instituted without probable cause, and that said charge was unfounded and frivolous, which offer the court refused. The court thereupon rendered judgment against the defendant for the sum of eighteen dollars and forty cents, costs, to all of which the defendant excepted. The defendant appeals.

*F. E. Baker* and *J. B. Kaye*, for appellant.

*J. F. McJunkin, Attorney General,* for the State.

DAY, CH. J.—Section 4126 of the Code provides that in proceedings for security to keep the peace, "judgment shall be

1. CRIMINAL law: evidence: threat to commit offense

entered against the party held to keep the peace for all the costs of the proceeding, but if it is made to appear to the court that the proceeding was instituted without probable cause the court may render judgment

against the complainant for such costs." The defendant offered himself as a witness to prove that the proceeding was instituted without probable cause, in order that he might be discharged from the payment of costs. The defendant claims that he is a competent witness under sections 4111 and 4237 of the Code. These sections are as follows: 4111. "Complaint of preliminary information is a statement in writing, under oath or affirmation, made before a magistrate, of the commission, or threatened commission, of a public offense, and accusing some one thereof." 4237. "The defendant shall be a competent witness in his own behalf, but he cannot be called to give testimony against himself, nor shall his failure to become a witness be allowed any weight against him on the examination." Under section 4111 of the Code it is apparent that there are two classes of what is termed complaints of preliminary information, those of the *commission* of a public offense, and those of the threatened commission of a public offense. Chapter 4 of title 25 of the Code, relating to security to keep the peace, prescribes the course to be pursued when complaint is made that any one has *threatened* to commit a public offense punishable by the laws of this State. Chapter 12 of the same title prescribes the course to be pursued when a public offense has *been committed*. This is apparent, amongst other provisions, from sections 4243 and 4244. Section 4243 provides that if, after hearing the testimony, it appear to the magistrate either that no public offense has been committed or that there is no sufficient reason for believing the defendant guilty thereof, he must order the defendant to be discharged. Section 4244 provides that if it appears that a public offense triable on indictment has been committed, and that there is sufficient reason for believing the defendant guilty thereof, the magistrate shall indorse on the minutes of the examination an order that the defendant be held to answer the charge. It is in this chapter 12 that section 4237, making the defendant a competent witness in his own behalf, occurs. It is apparent from its connection that it applies only to preliminary examinations upon an information charging the defendant with the commission of a public offense. Chapter four of title 25,

which relates to security to keep the peace, under which this proceeding was instituted, contains no provision making the defendant a competent witness. That this proceeding was regarded by the legislature as criminal in its character, is apparent from the fact that the provisions respecting it are contained in title 25, which relates to criminal procedure. The defendant, therefore, under section 4556 of the Code, was not a competent witness. See *State v. Laffer*, 38 Iowa, 422; *State v. Bixby*, 39 Iowa, 465.

The judgment of the court below is

AFFIRMED.