## UNITED STATES v. GARDZIELEWSKI.

### No. 8218.

Circuit Court of Appeals, Seventh Circuit.

May 12, 1943.

James E. Daniels and Cameron Latter, both of Chicago, Ill., for appellant.

Francis J. McGreal and J. Albert Woll, U. S. Attys., both of Chicago, Ill., for appellee.

Before SPARKS and MINTON, Circuit Judges, and LINDLEY, District Judge.

SPARKS, Circuit Judge.

Appellant was convicted on June 28, 1941, of aiding one Nosek in receiving a bribe from a draft registrant for granting him deferred classification under the Selective Service Act. This court affirmed the conviction (125 F.2d 138), and the Supreme Court denied certiorari, 315 U.S. 823, 62 S.Ct. 915, 86 L.Ed. 1219, after which the mandate issued and appellant started serving his sentence of two years imprisonment.

By leave of this court, appellant filed in the District Court in which he had originally been tried and found guilty, a "Petition and Motion in the nature of Common Law Petition for Writ of Error Coram Nobis." Being unprepared to proceed with proof, he withdrew his petition. Subsequently he renewed the petition, accompanying it with a certificate showing that one Kukovec, the draft registrant who had testified against him, had been found insane, suffering from an organic brain disease with psychosis, and committed to a State Hospital for the Insane. Petitioner based his petition for an order vacating the judgment of conviction and granting him a new trial upon the ground that Kukovec was the only witness whose testimony bore directly on petitioner's complicity in the crime, as stated by this court in its opinion. He offered to show by evidence of psychiatrists, upon a hearing on his petition, that Kukovec's insanity, known as paranoia, was such as to render him

utterly incompetent as a witness, and that he was suffering from delusions.

The Government moved to dismiss the petition, and, after hearing on the petition and motion to dismiss, the court granted the motion and dismissed. From this order appellant appeals.

■ The first ground of the motion to dismiss was that it was filed without leave. We think this objection is not well taken. We had granted leave to petitioner to file his petition, which he did, and subsequently withdrew for lack of proof. This voluntary withdrawal before hearing did not necessarily exhaust the rights granted by this court to him, and we think the withdrawal should have been and was without prejudice to his right to renew the petition when he was in a better position to furnish proof of its allegations. The second ground for the motion to dismiss is more serious, that the facts do not constitute sufficient grounds for granting the relief.

The question of whether or not the Federal Courts have jurisdiction to grant relief analogous to that permissible under the common law by writs of error coram nobis in criminal cases has never been definitively answered. In the leading Supreme Court case dealing with the subject, United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129, the Court left the question open as to whether the Federal Courts had *any* jurisdiction to grant such relief, in view of their statutory and limited jurisdiction, stating that at most it would lie only to vacate judgments for errors of fact of the most fundamental character, such as rendered the proceeding itself irregular and invalid. By the Court's definition it would not lie in such cases as prejudicial misconduct in the course of the trial, misbehavior or partiality of jurors, or newly discovered evidence.

We think the first question presented to this court by this appeal is whether, assuming for the moment that federal courts have the jurisdiction sought to be invoked by the petition, the facts stated are such as to authorize the relief prayed. If the facts here presented do not set up a case for the granting of the relief anyway, it will not be necessary for us to pass upon the vexed question of jurisdiction.

The fact here sought to be shown was that the only witness directly testifying as to appellant's guilt was subsequently found to be insane. Indirectly supporting the charge was the fact that appellant sent Kukovec to the lawyer accused of taking the bribe as Chairman of the Draft Board for granting Kukovec deferment. Appellant, however, explained this by saying that he advised Kukovec to see Nosek as a lawyer about getting his mother out of the institution into which he stated his father had railroaded her. The petition sets up the fact that on July 30, 1941, five days before the court denied appellant's motion for new trial, Kukovec underwent a mental examination in the course of an attempt to induct him into the services of the United States Army, the finding of which was that he was "then in the mental condition termed a 'pre psychosis state, with paranoia trend.'" Subsequently, on November 9, 1942, he was adjudicated insane, suffering from an organic brain disease with psychosis, and recommended for commitment to an institution for the insane.

■ These facts somewhat resemble newly discovered evidence, although they are not that, strictly speaking, inasmuch as they do not bear directly on the guilt or innocence of appellant of the offense charged, going only to the competence of the witness to testify, and the credibility of his testimony. As newly discovered evidence they would not, of course, furnish grounds for the granting of the relief. United States v. Mayer, supra. We think that, as bearing on the competence of the witness, they are no more adequate for that purpose. The Court made it clear in the Mayer case that only such facts as rendered the entire proceeding irregular and invalid would be sufficient to warrant the granting of the relief, provided the federal courts had such jurisdiction. We cannot say that the subsequent insanity of a witness, even though he was practically the sole witness, is of such a fundamental character as to invalidate the proceeding at which his testimony resulted in the conviction of the defendant. See Boyd v. Smith, 200 Iowa 687, 205 N.W. 522, 43 A.L.R. 1381. There is, of course, no suggestion that appellee was aware of the mental condition of the witness which was diagnosed a few days after the trial as a pre psychosis state with paranoia trend. We need not speculate on the effect of the knowing use by the prosecution of the evidence of a probably incompetent witness without disclosure of his mental condition to the defendant.

We are convinced that the facts set up by the petition were not sufficient to entitle appellant to introduce his proofs, hence that there was no error on the part of the District Court in granting the motion to dismiss, and in dismissing the petition. We think that the facts here disclosed are of such a character as to warrant investigation with a view to executive clemency. But we find no method of procedure for affording judicial relief.

Judgment affirmed.