STATE OF IOWA, Appellee, v. ORIN E. BURGESS, Appellant.

No. 46743.

JANUARY 10, 1946.

T. H. Haynes, of Des Moines, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, Vernon R. Seeburger, County Attorney, and S. L. Harvey, Assistant County Attorney, for appellee.

WENNERSTRUM, J.—The defendant was indicted for the crime of robbery with aggravation as defined by sections 13038 and 13039 of the 1939 Code of Iowa. He entered a plea of not guilty and upon trial the jury returned a verdict of guilty of the crime charged. A motion for new trial, exceptions to instructions, motion in arrest of judgment, and for judgment notwithstanding the verdict were filed on behalf of defendant. These were overruled by the trial court. The defendant thereafter was sentenced for a term of twenty-five years in the penitentiary at Fort Madison. He has appealed from the overruling of the several motions presented and from the judgment and sentence entered.

The appellant presents as one ground for reversal the claimed error of the trial court in denying a new trial on the ground that newly discovered evidence had been obtained by appellant consisting of the testimony of a witness that appellant was not present at the scene of the crime in Des Moines at the time of its commission. The abstract of record summarizes the testimony of this new witness which was given at the time the motion for new trial was presented. The abstract shows that appellant testified at the trial that he boarded a train in Des Moines at approximately an hour before the alleged hold-up took place. At the hearing upon the motion for new trial this new witness, who was the extra conductor on the train that appellant said he (appellant) boarded in Des Moines, testified:

''It was his first run as an extra conductor on said train and that he remembered seeing the appellant on the train and that the appellant was the first person from whom he collected tickets. * * * that he distinctly remembered collecting the ticket [from appellant] because he was the first one whom he collected the ticket from and that the appellant was asleep and that he had a hard time awakening him. * * * that [later] he went to the Polk County Jail where the appellant was incarcerated and immediately picked him out as being the fellow that was on the train on the night stated above from a group of five other persons.''.

The trial court overruled the motion for new trial be-

cause it felt the new evidence was "at the most, cumulative" and reasonable diligence could have produced this testimony at the trial.

The record shows the defense was alibi. Appellant was the only witness who testified at the trial that he was on the train at the time the State's witnesses testified the crime was committed. Clearly, the evidence of the conductor of the train, placing the appellant on the train at the time of the commission of the crime, was not cumulative. It would be the only evidence of a disinterested witness that located appellant at a place that it would be physically impossible for him to have been at the scene of the crime at the time fixed by the State's witnesses.

Upon the question of diligence the record shows that just prior to the trial the extra conductor, who lived in Rock Island, Illinois, was first contacted at his home by a Mr. Reynolds, a relative of the appellant. He told Reynolds no record was kept of tickets and he could not recall getting a certain numbered ticket that night. Reynolds told him that he was seeking the information because a man was being accused of a crime. Later, after the trial, the extra conductor recalled that there was one passenger who boarded the train in Des Moines whom he would recognize, for he remembered that it was the first man he collected a ticket from—the one he had a hard time awakening. He promptly got in touch with Mrs. Reynolds at Moline, Illinois. She showed the conductor a photograph of appellant. He said he thought it was that man he remembered as being on the train. When the conductor later came to Des Moines he picked appellant from a group of five men in the Polk county jail and stated he was certain appellant was the same man.

A motion for new trial on the ground of newly discovered evidence really goes to the statutory ground of whether there was a fair and impartial trial. We have said this is "a matter resting in the discretion of the trial court." State v. Lowell, 123 Iowa 427, 431, 99 N. W. 125, 127. And to justify the granting of a new trial on the ground of newly discovered evidence it must appear with some degree of certainty that the new evidence would change the result. State

v. Bowman, 45 Iowa 418; State v. Pavey, 193 Iowa 985, 188 N. W. 593. But this is a legal discretion and where there is a showing of inability of a defendant in a criminal case, in the exercise of due diligence, to produce certain evidence at the trial, which is afterward discovered and which prevented him from having a fair trial, then a new trial should be granted. See State v. Swank, 229 Iowa 1123, 296 N. W. 219, and cases there cited.

Under all the facts disclosed by the record we feel that justice will be better served by granting a new trial. The above conclusion makes it unnecessary to consider any other claimed error.—Reversed.

All JUSTICES concur.