STATE OF IOWA, appellee, v. LAWRENCE PRESTON ADDISON, appellant.

No. 49610.

(Reported in 95 N.W.2d 744)

APRIL 8, 1959.

William D. Groom, of Denver, Colorado, and Ralph L. Powers and Henry Wormley, both of Des Moines, for appellant.

Norman A. Erbe, Attorney General, Hugh V. Faulkner, Assistant Attorney General, Ray Hanrahan, County Attorney, and J. P. Denato, Assistant County Attorney, of Des Moines, for appellee.

GARFIELD, J.—Defendant was indicted by the grand jury of Polk County for receiving stolen property of the value of more than $20, as defined in section 712.1, Code, 1954. He entered a plea of not guilty, was tried before court and jury

714

and found guilty. His motion for new trial was overruled and he was sentenced to confinement in the men's penitentiary at Fort Madison for an indeterminate time not exceeding five years. Defendant then appealed to this court where the judgment was affirmed February 11, 1958. State v. Addison, 249 Iowa 905, 87 N.W.2d 916. We denied rehearing April 11.

Throughout the trial and upon the former appeal, submitted upon printed record, briefs and arguments, defendant was represented by able counsel of long experience.

May 14, 1958, defendant, acting through other counsel, filed a petition for new trial under rules 252, 253, Rules of *Civil* Procedure, based upon claimed newly discovered evidence which, it is said, could not with reasonable diligence have been discovered and produced at the trial and was not discovered within the time for moving for a new trial under sections 787.2, 787.3, Code, 1954. It was also claimed a State's witness, Jerry Devan, admitted under oath certain testimony given by him upon the trial was false.

The State denied the court had jurisdiction to hear such a petition and moved to quash or dismiss it. This motion was overruled. The same judge who presided at the original trial heard the evidence offered in support of the petition and denied it. This ruling is now before us upon defendant's appeal. The State has cross-appealed from the overruling of its motion to quash. Upon this appeal defendant is represented by attorneys other than those who appeared for him in the trial court.

The record indicates the trial judge considered with much care the questions presented by the petition and defendant had every opportunity to make the strongest showing he could in support thereof. The court found there was lack of diligence in discovering the new evidence and it was not of sufficient importance to warrant a new trial.

Briefly, it was shown at the hearing upon the petition for new trial that a witness for the State upon the original trial was in error in testifying to the serial number on the stolen property, a "movie" projector belonging to the Independent School District of Des Moines. The witness was employed by the school as director of curriculum and audio-vision education.

As our opinion upon the former appeal (249 Iowa 905, 907, 87 N.W.2d 916, 918) states, Jerry Devan, the boy who stole the movie projector and sold it to defendant, testified upon the original trial that he told defendant it was "hot." In support of the petition for new trial Jerry made affidavit that at the time defendant bought the projector from him "he asked me about 5 or 6 times if the articles were stolen and I said 'No my Dad gave them to me'." However, at the hearing on the petition Jerry testified his affidavit was not true but his testimony at the original trial was true, also, in substance, that a man purporting to act for defendant offered him $1000 if he would help defendant by signing the affidavit, provided defendant was released from prison.

I. We consider first the State's cross-appeal from the overruling of its motion to quash or dismiss defendant's petition for new trial.

The petition states it was filed under rules 252, 253, Rules of Civil Procedure. Defendant's brief makes the same assertion. The State's motion asserts these rules govern civil actions only; chapter 787, Code, 1958, is the exclusive authority for granting new trials in criminal actions and defendant's petition does not come within the terms of this chapter.

Code chapter 793 governs appeals in criminal cases. Section 793.2 thereof provides, "An appeal can only be taken from the final judgment * * *." This section applies to appeals by the State as well as to those by a defendant. The statute is plain and leaves nothing for judicial construction. It is clear the order overruling the motion to dismiss the petition is not the final judgment. Hence the State's appeal therefrom does not lie and it is our duty to dismiss it. State v. Anderson, 245 Iowa 99, 101, 60 N.W.2d 794, 795, 796, and citations.

We need not determine whether the State could have procured by certiorari a review of the order overruling its motion. See discussion in State v. Anderson, supra, and case there cited.

II. Notwithstanding what we have just said, we are satisfied the State is entitled to urge, in resistance to defendant's appeal from the denial of his petition, its claim of error in the overruling of its motion. We have recently held many times that the successful party—here the State—may, without appeal-

ing, be entitled to an affirmance if error was committed against it which, if corrected, will make the result reached in the trial court a right result. It is obvious that if defendant's petition for new trial should have been dismissed on the State's motion, the denial of his petition on the merits was not prejudicial to him. Iowa Electric Co. v. Home Insurance Co., 235 Iowa 672, 676, 17 N.W.2d 414, 416; Pohler v. T. W. Snow Constr. Co., 239 Iowa 1018, 1022, 33 N.W.2d 416, 418; Lawrence v. Tschirgi, 244 Iowa 386, 389, 57 N.W.2d 46, 47, and citations in these opinions.

The propriety of the overruling of the State's motion is fully argued by both sides. The matter is an important one and we are disposed to decide it. We think the motion should have been sustained.

 III. As stated, defendant's petition was filed under rules 252, 253, R. C. P. Rules of Civil Procedure have no application to criminal cases unless a statute makes them applicable. 1 Cook, Iowa Rules of Civil Procedure, Revised Ed., page 4. No statute making rules 252, 253 applicable to petitions for new trial in criminal cases has come to our attention. While we have not had occasion up to now to hold these particular rules inapplicable to criminal cases, we have held other rules inapplicable thereto. State v. Anderson, supra, 245 Iowa 99, 102, 60 N.W.2d 794, 796, and citation; State v. Fees, 250 Iowa 163, 93 N.W.2d 103. The same logic applies here.

The Rules of Civil Procedure were prescribed by us pursuant to what is now Code section 684.18 which states we shall have power to prescribe rules "for all proceedings of a civil nature in all courts of this state * * *." Our report of the rules to the General Assembly, which accompanied them, makes this clear.

It is true rule 1(a) says, "These rules shall govern the practice and procedure in all courts of the state, except where * * * statutes not affected hereby provide different procedure in particular * * * cases." This provision does not specifically limit operation of the rules to civil cases. Doubtless it was not thought necessary to do so. The title given the rules as well as their content indicates they are civil in nature. In any event, statutes not affected by the rules, Code sections 787.2,

787.3, provide different procedure for applications for new trial in criminal cases which we have uniformly held to be exclusive.

■ Code section 787.2 states, "The application for a new trial can be made only by the defendant, and must be made before judgment." Incidentally, unlike rules 244(a) and 252(f), newly discovered evidence is not specified as a ground for new trial in criminal cases under section 787.3. As early as State v. Bixby, 39 Iowa 465, 467, we held a motion for new trial on the ground of newly discovered evidence could not be made after judgment of conviction. We said of the statute, then the same as section 787.2: "This provision left no discretion for the district judge. The language is explicit, that motions for new trial must be made before judgment."

State v. Bixby, supra, was followed in State v. Hayden, 131 Iowa 1, 10, 107 N.W. 929, 932, where we held, "our criminal procedure does not recognize any such thing as a petition for a new trial after judgment."

In State v. Dudley, 147 Iowa 645, 656, 126 N.W. 812, 816, after judgment of conviction and appeal to this court, defendant filed an amendment to his motion for new trial and a petition for new trial. We said, citing the Bixby and Hayden cases, "the trial court was without authority to entertain either."

State v. Howard, 191 Iowa 728, 740, 183 N.W. 482, states the statutory provisions for a new trial in civil cases upon the ground of newly discovered evidence are not applicable to criminal cases. See also State v. Pavey, 193 Iowa 985, 991, 992, 188 N.W. 593, and citations; State v. Bird, 196 Iowa 474, 480, 194 N.W. 73. State v. Burgess, 237 Iowa 162, 21 N.W.2d 309, holds newly discovered evidence may go to the question whether defendant had a fair and impartial trial which is a ground for new trial in criminal cases. (Section 787.3.)

Boyd v. Smyth, 200 Iowa 687, 691, 205 N.W. 522, 523, 43 A. L. R. 1381, holds the common-law writ of error coram nobis is not recognized in Iowa. There a defendant, convicted of receiving stolen property, sought relief from the judgment on the ground the principal witness against him was insane and defendant and his counsel discovered this after the judgment was rendered. He was denied relief in the trial court and upon

certiorari in this court. Much in the opinion might be repeated here. We said, "Our code of criminal procedure * * * has no provision corresponding to * * * Chapter 552." Division X of our rules, containing rules 252, 253, supersedes and is generally similar to chapter 552, Codes 1924 to 1939 inclusive to which the quotation refers.

The Boyd opinion also states, "No provision is made in the criminal code for filing a motion for new trial, or to vacate a judgment, after sentence and judgment have once been * * * entered of record." (Defendant here in effect concedes this.) Also (page 693 of 200 Iowa) that our criminal code is complete in itself.

In State v. Harper, 220 Iowa 515, 524, 525, 258 N.W. 886, 891, a defendant, after judgment of conviction for murder and sentence to life imprisonment, filed a motion in arrest of judgment and for a new trial and other relief. We held: "It is equally well settled that a motion for a new trial in such [criminal] case must be filed before judgment. * * * There was no error, therefore, in the refusal of the court to entertain the motion * * *." (A portion of the Harper opinion not pertinent here was disapproved by a majority of the court in State v. Martin, 243 Iowa 1323, 1332, 55 N.W.2d 258, 263, 34 A. L. R.2d 904.)

State v. Bales, 246 Iowa 446, 451, 452, 68 N.W.2d 95, 98, is our latest decision that sheds light upon the question now considered. There, while defendant's conviction was pending on appeal, he filed a motion for new trial in the district court, pursuant to rule 252, R. C. P., based upon claimed newly discovered evidence consisting of a repudiation by an accomplice of his testimony. We pointed out that applications for new trial in criminal cases are governed by Code chapter 787, the grounds upon which they may be based are set out in section 787.3, and 787.2 provides all such applications must be made before judgment, citing Boyd v. Smyth and State v. Harper, both supra.

In view of section 787.2 and the decisions above reviewed we must hold defendant was not entitled to have his petition for new trial considered and it should have been dismissed upon the State's motion. See also United States v. Gard-

zielewski, 7 Cir., Ill., 135 F.2d 271; Smith v. State, 200 Ark. 767, 140 S.W.2d 675.

IV. It follows that defendant is not entitled to relief upon his appeal. While we might affirm the trial court's denial of his petition for new trial, if we are to be consistent with what we say in Division I hereof his appeal should also be dismissed upon the ground it is not an appeal from the final judgment within the requirement of Code section 793.2.

V. For the benefit of defendant and counsel we will say that if the trial court's order denying a new trial were to be considered on its merits we would not reverse it.

As defendant concedes, the judge who presided at the original trial had a good deal of discretion in ruling upon a request for new trial (made at the proper time) upon such grounds as are relied upon here, assuming they are applicable to criminal cases. He was in better position than we are to determine whether diligence was used in discovering the new evidence and whether it would probably lead to a different verdict upon a retrial. We will not interfere with his ruling unless it is reasonably clear such discretion was abused. State v. Benson, 247 Iowa 406, 410, 72 N.W.2d 438, 440, and citations; State v. Pavey, supra, 193 Iowa 985, 991, 992, 188 N.W. 593, and citations.

The indictment here does not describe the stolen property by serial number. Whether it was as testified to upon the original trial or at the hearing on the petition for new trial was not a matter of vital importance. The projector was identified on the trial by means other than its serial number as well as by such number. Applications for new trial on the ground of newly discovered evidence are not favored. Groves v. Groves, 248 Iowa 682, 698, 82 N.W.2d 124, 134, and citations. See also State v. Bird, supra, 196 Iowa 474, 480, 194 N.W. 73.

As to the temporary repudiation of part of his testimony by the witness, Jerry Devan, it appears his credibility was thoroughly investigated upon the original trial. It is by no means clear the evidence he then gave is not true. In any event the jury had ample opportunity to consider its reliability. See State v. Thompson, 241 Iowa 16, 29, 39 N.W.2d 637, 645; State v. Sangster, 196 Iowa 495, 498, 192 N.W. 155.

The trial court found, after fully considering the merits of defendant's petition, he was accorded a fair trial and we cannot say the finding is erroneous.

VI. As a matter of grace we will notice the remaining point defendant argues—that refusal of a new trial was a denial of his rights to a jury trial and to due process of law under the State and Federal Constitutions.

The claim of a violation of due process was not made in the trial court and may not be urged for the first time here. State v. Meeks, 245 Iowa 1231, 1240, 65 N.W.2d 76, 81, and citations.

Defendant did assert in the trial court that to permit this conviction to stand would deprive him of his right to a jury trial in violation of his constitutional and statutory rights. No constitutional or statutory provision was otherwise referred to. Defendant seems to think unless a jury is permitted to pass upon his guilt after hearing the new evidence he relies upon he is denied his constitutional right to a jury trial. No authority for this is cited and we think it is wholly without merit.

Defendant was accorded a jury trial. The constitutional guaranty contemplates only one such trial. The refusal of a new trial is not a denial of his right to trial by jury. Gasoline Products Co. v. Champlin Refining Co., 283 U. S. 494, 498, 499, 51 S. Ct. 513, 75 L. Ed. 1188, 1190, 1191; Fine v. Commonwealth, 312 Mass. 252, 44 N.E.2d 659, 664, 145 A. L. R. 392, 399; Reliance Auto Repair Co. v. Nugent, 159 Wis. 488, 149 N.W. 377, Ann. Cas. 1917B 307, 308; 31 Am. Jur., Jury, section 17 ("New or Second Trial.—Generally, neither the granting nor the refusal is a violation of the right to jury trial.") See also Johnston v. People, 383 Ill. 91, 48 N.E.2d 350, 351.

Defendant's appeal and the State's cross-appeal are both dismissed.—Appeals dismissed.

All JUSTICES concur.