**STATE of Iowa, Appellee,**

**v.**

**Gary Wayne CARTER, Appellant.**

**No. 52924.**

Supreme Court of Iowa.

May 7, 1968.

I. Joel Pasternak, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen., and Ray A. Fenton, County Atty., Des Moines, for appellee.

GARFIELD, Chief Justice.

Defendant Gary Wayne Carter appeals from judgement convicting him of robbery with aggravation as defined in sections 711.1, 711.2 Code 1966, assigning as error the overruling of his motion for new trial

and arrest of judgment filed four days after judgment was entered. We affirm.

Defendant (Carter) and William Thomas Newton were indicted for the crime of which the former was convicted on his separate jury trial. Verdict was returned October 19, 1967. The court granted defendant until 8:45 a.m., October 23rd to file motion for new trial and fixed time for judgment for that date. At 8:30 on the 23rd such motion was filed on the grounds the evidence was insufficient to support the verdict and an instruction to the jury was erroneous. None of the instructions are set out in the printed record and defendant's brief and argument does not assert any error in giving them. Nor is it asserted here that evidence of guilt was insufficient.

The motion for new trial was overruled and sentence was pronounced as provided in section 711.2 on October 23rd.

■ Four days later defendant filed a second motion, designated motion for new trial and arrest of judgment, alleging that subsequent to the trial of defendant trial of Newton was had wherein Ruben Jones testified defendant and Newton did not commit the robbery in question but Jones and one Benton did; counsel for Newton moved for directed verdict in his favor and was joined in this by the prosecuting attorney; the presiding judge (not the one who presided at the trial of defendant Carter) sustained the motion; this is material evidence, newly discovered, which could not with reasonable diligence have been discovered and produced at the trial of Carter.

■ At the hearing on this second motion defendant's counsel asked the reporter who took down Jones' testimony on the trial of Newton to read a portion thereof. It was shown that Newton's counsel asked witness Jones whether he had ever stated he was the one who robbed the Clark oil station at 19th and Keo. The witness replied "I am not going to say I did." The question was repeated twice and each time the answer was the same. Finally, after a

recess (in the trial of Newton) and a good deal of discussion between Newton's counsel and the presiding judge in which the former asserted Jones robbed the station Newton was accused of robbing, the witness testified: "I committed the robbery of the Clark gas station at 19th and Keo on August 6, 1967."

On the state's cross-examination of Jones in the trial of Newton the witness said he was with defendant Carter and Newton at the home of Oakley in the early morning hours of August 7th (Carter testified on his trial he was at Oakley's home the night of the robbery); committing the crime "was already made up"; Carter stayed in a doughnut shop across the street from the station after going to the station at 3:30 a.m. to buy cigarettes; the witness and Michael Bennett robbed the station; Bennett owned the gun and at the time of Newton's trial (two months and 19 days after the robbery) was dead. The directed verdict of acquittal of Newton, as before related, followed. Ground of the motion and ruling was it would not be in the interest of justice to submit the case to the jury. At times the record refers to Bennett and at times to Benton.

After the above portion of the record in the Newton trial was read, the state called Ruben Jones to testify at the hearing on defendant Carter's motion for new trial and in arrest of judgment. Counsel for Carter had not called Jones to testify on that occasion. Part of Jones' testimony follows: "The testimony I gave in Judge Wheeler's court (at trial of Newton) was not the truth. When I testified earlier in the Newton trial and was asked whether I committed the robbery my answer was that I was not going to say I did. The question was asked of me three times. During the recess at that trial Newton's lawyer said to me that if I did not say I would sign the confession I gave him, they would give me five years for perjury. After the recess I testified I did sign it and that I committed the robbery."

Jones went on to explain in some detail he testified as he did on the trial of Newton at the instigation of Newton, Newton's girl friend and attorney when Jones and Newton were both confined in the county jail while the latter was awaiting trial on the indictment referred to at the outset hereof. Suffice to say, according to Jones, inducements were made to him which should not have been made and which proved to be untrue. The witness insisted "The testimony I gave on Thursday in Billy Newton's trial was not true." He also implicated Carter and Newton in the robbery.

During cross-examination of Jones by defendant's counsel the witness adhered to his testimony on direct examination. Although he admitted two assistant county attorneys and a detective talked to him before the hearing, he said "this morning I was not threatened with going to the penitentiary or anything. Nobody offered me any leniency or promises."

Upon the above record the trial court overruled the motion for new trial and in arrest of judgment filed October 27. The ruling recites: "The motion for new trial is not timely as defendant was sentenced on October 23, 1967 and the motion in arrest of judgment is overruled as the facts produced at the trial were sufficient to support the verdict. If the facts set out in the motion for new trial filed October 27, 1967 were known on October 23 the court would have overruled the same on the merits."

I. Code section 787.2 states, "The application for a new trial can be made only by the defendant, and must be made before judgment." Unlike rules 244(a) and 252(f), Rules of Civil Procedure, newly discovered evidence is not specified as a ground for new trial in criminal cases under section 787.3. As early as State v. Bixby, 39 Iowa 465, 467, we held a motion for new trial on the ground of newly discovered evidence could not be made after judgment of conviction. We said of the statute, then the same as section 787.2: "This provision left no discretion for the district judge.

The language is explicit, that motions for new trial must be made before judgment."

State v. Bixby, supra, is followed in State v. Hayden, 131 Iowa 1, 10, 107 N.W. 929, 932; State v. Dudley, 147 Iowa 645, 656, 126 N.W. 812, 816; State v. Howard, 191 Iowa 728, 740, 183 N.W. 482; Boyd v. Smyth, 200 Iowa 687, 691, 205 N.W. 522, 523, 43 A.L.R. 1381; State v. Harper, 220 Iowa 515, 524–525, 258 N.W. 886, 891; State v. Bales, 246 Iowa 446, 451, 452, 68 N.W.2d 95, 98; State v. Addison, 250 Iowa 712, 717–719, 95 N.W.2d 744, 747–748, which reviews our previous opinions and quotes from several of them.

Although newly discovered evidence is not a statutory ground for new trial in a criminal case in Iowa, the fact a defendant has not received a fair and impartial trial is such a ground. Code section 787.3, subd. 8. State v. Burgess, 237 Iowa 162, 164–165, 21 N.W.2d 309, 310, holds that where it is shown a defendant was unable in the exercise of due diligence to produce certain evidence at the trial which is afterward discovered and the inability prevented him from having a fair trial, a new trial should be granted.

State v. Compiano, Iowa, 154 N.W.2d 845, 849, 851 cites State v. Burgess with apparent approval. The Compiano opinion points out, however (at page 850 of 154 N.W.2d): "Even where adequate grounds appear for granting a new trial, the general rule requires movant to show (1) that the evidence was discovered following trial and before judgment * * *."

In State v. Burgess, supra, a disinterested witness, a conductor on a passenger train who lived in Rock Island, Illinois, was produced at the hearing on defendant's motion for new trial before judgment. He testified he distinctly remembered defendant was a passenger on his train which left Des Moines, scene of the alleged crime, before it was committed. Under this newly discovered evidence defendant could not have committed the crime. Defendant's second motion here and the attached affi-

davit of his counsel as well as his first motion for new trial contain no allegation he was denied a fair and impartial trial.

Upon the above considerations we conclude defendant was not entitled to have his second motion considered on its merits. State v. Addison, supra, 250 Iowa 712, 718–719, 95 N.W.2d 744, 748 and citations.

■■■ II. The trial court evidently chose not to rest his ruling entirely on the somewhat technical procedural grounds above indicated but also ruled, as before stated, the same result would be reached on the merits. We also approve this view.

The rules governing an appeal from denial of a new trial have been frequently stated by us. The judge who presided at the trial and at the hearing on the motion for new trial and in arrest of judgment had a good deal of discretion in ruling thereon, assuming the ground relied upon is applicable in criminal cases. He was in better position than we are to determine whether diligence was used in discovering the new evidence and whether it would probably lead to a different verdict upon a retrial. We will not interfere with his ruling unless it is reasonably clear such discretion was abused. State v. Pavey, 193 Iowa 985, 991, 992, 188 N.W. 593, and citations; State v. Benson, 247 Iowa 406, 410, 72 N.W.2d 438, 440, and citations; State v. Addison, supra, 250 Iowa 712, 719, 95 N.W. 2d 744, 748; State v. Compiano, supra, Iowa, 154 N.W.2d 845, 849.

In the federal courts newly discovered evidence is a ground for new trial in a criminal case upon motion made after final judgment. In United States v. Johnson, 327 U.S. 106, 111, 113, 66 S.Ct. 464, 466–467, 90 L.Ed. 562, 565–566, opinion by Mr. Justice Black without dissent, the trial court denied such a motion based on claimed newly discovered evidence that an important government witness perjured himself on the trial. The seventh circuit reversed the trial court but the Supreme Court upheld the trial court's ruling in no uncertain terms. These excerpts from the opinion may be repeated here:

"* * * we think it important for the orderly administration of criminal justice that findings on conflicting evidence by trial courts on motions for new trial based on newly discovered evidence remain undisturbed except for most extraordinary circumstances. * * *

"Determination of guilt or innocence as a result of a fair trial, and prompt enforcement of sentences in the event of conviction, are objectives of criminal law. * * * The Circuit Court of Appeals was right in the first instance, when it declared that it did not sit to try de novo motions for a new trial. It was wrong in the second instance when it did review the facts de novo and order the judgment set aside."

State v. Compiano, supra, Iowa, 154 N.W. 2d 845, 849, adopts the first of the above excerpts from the Johnson opinion and cites it with approval for another proposition.

There is insufficient basis for us to hold the trial court's ruling was an abuse of discretion. It is quite clear the trial court believed the testimony Ruben Jones gave at the hearing on the second motion was the truth and the testimony finally elicited from him at the trial of Newton was a fabrication. The record amply supports such conclusion.

It is to be noticed the showing for defendant at the hearing on the motion was confined to the record of Jones' testimony at the Newton trial. Defendant's counsel did not attempt to show by independent evidence of Jones or otherwise that in fact he and Bennett did rob the Clark filling station. It remained for the state to produce Jones as a witness to testify to what he then insisted were the true facts. He not only repudiated his testimony at the Newton trial but supported the repudiation with a plausible explanation. Also, as before indicated, Jones then gave testimony which

implicated Carter and Newton in the robbery and would be damaging rather than beneficial to Carter if he were tried again.

Other considerations support the conclusion herein reached. If a new trial were granted Carter it is doubtful at best that Jones, if he were unwilling to do so, could be compelled to incriminate himself by testifying he and Bennett committed the robbery without advice, aid or assistance of Carter. See 24 C.J.S. Criminal Law § 1454c, page 182, and citations note 49. The C.J.S. text also contains this: "The new evidence must be admissible under the established rules of evidence. This excludes, as a ground for new trial, incompetent testimony that another person has confessed that he, and not accused, committed the crime; * * *."

In deciding whether a new trial should be granted, again assuming sufficiency of the ground asserted in the second motion, consideration should be given the entire record, including the testimony at the trial. State v. Compiano, supra, Iowa, 154 N.W.2d 845, 851. The attendant at the filling station, victim of the robbery, testified he looked at the two men who robbed him when he was probably only two feet away from them; he described their appearance and dress in detail; he identified them from photographs and from seeing them in person the morning after the robbery at the police station; "I am certain the defendant sitting in the court room is the one who partook of the robbery on August 7th."

Perhaps we should not conclude without referring to the rule frequently announced by us, most recently in State v. Compiano, supra, at page 849 of 154 N.W.2d: "Motions for new trials based upon newly discovered evidence are not favored in the law and should be closely scrutinized and granted sparingly. (citations)"

Affirmed.

All Justices concur.