# In the Iowa Supreme Court

No. 24–0289

Submitted January 21, 2025—Filed May 30, 2025

**Theron M. Christensen,**

Plaintiff,

vs.

**Iowa District Court for Story County,**

Defendant.

Appeal from the Iowa District Court for Story County, Stephen A. Owen, judge.

A prosecutor appeals a district court ruling imposing monetary sanctions for misconduct while prosecuting a criminal case. **Writ Sustained.**

McDermott, J., delivered the opinion of the court, in which all justices joined.

Ryan P. Tunink (argued) and Jason C. Palmer of Lamson Dugan & Murray LLP, West Des Moines, for appellants.

Matthew T. Lindholm (argued) of Gourley, Rehkemper & Lindholm PLC, West Des Moines, for appellee.

Brenna Bird, Attorney General; Eric Wessan, Solicitor General; and Nicholas E. Siefert, Assistant Attorney General, for amicus curiae State of Iowa.

Aaron W. Ahrendsen, Carroll, for amicus curiae Iowa County Attorney's Association.

William Bushnell, Assistant Public Defender, for amicus curiae State Public Defender's Office.

**McDermott, Justice.**

The district court granted a criminal defendant's motion to impose monetary sanctions under Iowa Rule of Civil Procedure 1.413 against an assistant county attorney for misconduct while prosecuting a criminal charge. The assistant county attorney filed a petition for writ of certiorari challenging the sanctions. In this case, we review an order that appears to be unprecedented in Iowa—one imposing monetary sanctions against a prosecutor in a criminal case.

In the underlying criminal case, a criminal defendant was charged with operating while intoxicated, first offense, after an officer pulled him over for speeding. The arresting officer used a radar to ascertain the defendant's speed. Theron Christensen, an assistant county attorney for Story County, prosecuted the case. After the defendant's lawyer deposed the arresting officer and the State's expert witness (and, in the process, exposed serious weaknesses in the State's case), Christensen filed a motion in limine seeking to exclude several categories of evidence. The defendant resisted the motion in limine and, on top of it, moved for sanctions against Christensen under Iowa Rule of Civil Procedure 1.413. The defendant argued that Christensen's motion in limine was frivolous, lacking in legal and factual bases, and made in a bad faith attempt to undermine the defendant's constitutional right to present a defense and to a fair trial.

Two weeks later, and two days before the motion in limine hearing, Christensen filed a withdrawal of the motion in limine. The next day, Christensen filed a resistance to the defendant's motion for sanctions, asserting that his arguments in the motion in limine were made in good faith and were legally and factually sound. Several hours after filing the resistance, Christensen emailed the defendant's attorney, stating, "I've decided to let the bear go this time. I'll be filing a motion to dismiss shortly." According to an affidavit from one of the

defendant's lawyers, Christensen privately admitted before the hearing that he decided to dismiss the case mostly because he didn't want the arresting officer to have to testify about his failure to calibrate his radar in this and potentially other cases.

During the hearing, the district court dismissed the State's charges and informed the defendant's lawyer that if he wished to continue to pursue sanctions, he needed to file a separate motion. The defendant's lawyer thereafter filed an expanded sanctions motion, adding that Christensen filed the dismissal for the improper purpose of covering up the officer's failure to calibrate his radar. Christensen again resisted the motion for sanctions, arguing in part that any alleged misconduct was harmless since the operating while intoxicated charge had been dismissed.

The district court ultimately concluded that Christensen had engaged in sanctionable conduct in violation of Iowa Rule of Civil Procedure 1.413 and Iowa Code § 619.19 (2023) by filing the motion in limine and by dismissing the case for an improper purpose. The district court ultimately entered a $2,072 monetary sanction against Christensen. The district court determined that Christensen failed to carry his burden to show an inability to pay a monetary sanction and that the amount reflected the need for deterrence based on the unique role of the prosecutor in our justice system. Christensen thereafter filed a petition for writ of certiorari, and we granted review of the petition.

We will sustain a writ of certiorari when a lower court "has exceeded its jurisdiction or otherwise has acted illegally." *State Pub. Def. v. Iowa Dist. Ct.*, 633 N.W.2d 280, 282 (Iowa 2001). A court acts illegally when its factual findings are not supported by substantial evidence or when it has failed to properly apply the law. *K.C. v. Iowa Dist. Ct.*, 6 N.W.3d 297, 301 (Iowa 2024).

Christensen argues that the district court abused its discretion in concluding that he engaged in sanctionable conduct and in imposing the monetary sanction. He focuses on the particular findings of sanctionable conduct in the district court's ruling and argues, for instance, that the district court misunderstood the type of evidence relevant to the case, wrongly assumed the admissibility of the expert's opinions, and misunderstood arguments construing various statutory provisions cited in the motion in limine.

Although Christensen argued below that sanctions were unwarranted under Iowa Rule of Civil Procedure 1.413, he did not argue below and does not argue on appeal a foundational issue pertaining to the district court's power: that no law or rule grants a district court the authority to impose a monetary sanction against a prosecutor in a criminal case. This argument was advanced instead in an amicus brief by the Iowa Attorney General's office on behalf of the State of Iowa. The attorney general has a statutory duty to "[s]upervise county attorneys in all matters pertaining to the duties of their offices." Iowa Code § 13.2(1)(*g*). The attorney general's office did not appear in the district court proceedings as Christensen represented himself.

Under the party presentation rule, we ordinarily are guided by the arguments presented by the parties in a case and have deemed arguments waived for a party's failure to advance them. *See, e.g.*, *State v. Struve*, 956 N.W.2d 90, 99 n.2 (Iowa 2021) ("[O]ur system 'is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.' " (alterations in original) (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020))). As a result, we ordinarily would deem the argument waived and not address the State's argument as an amicus. *See Iowa Ass'n of Bus. & Indus.*

*v. City of Waterloo*, 961 N.W.2d 465, 476 (Iowa 2021) ("Normally, we do not allow amici curiae to raise new issues."); Iowa R. App. P. 6.906(5) (authorizing amicus briefs to "assist the court in resolving the issues preserved for appellate review"). But this case presents an exceptional situation in which we deem it necessary to reach the unpreserved argument.

Party concessions do not in all cases dictate a court's options. *State v. Gale*, ___ N.W.3d ___, ___, 2025 WL 1415879, at *4 (Iowa May 16, 2025) (reasoning that the parties' agreement that there was legal error was not dispositive of the question before the court). "If the parties don't offer the correct reading of a particular statute, we are not bound to blindly follow their lead." *Ctr. for Investigative Reporting v. U.S. Dep't of Just.*, 14 F.4th 916, 943 (9th Cir. 2021) (Bumatay, J., dissenting). "[F]or courts to proclaim a governing legal precedent based on an adverse party's concession on a point of law creates a significant risk of establishing a bad law, and all the more so when the concession is inferred solely based on the adverse party's failure to argue the point." *Art & Antique Dealers League of Am., Inc. v. Seggos*, 121 F.4th 423, 438 (2d Cir. 2024).

Concerning the district court's power to impose a monetary sanction, we have said that "[t]he court's inherent power alone . . . does not authorize the court to assess attorney fees as a sanction against a litigant or counsel." *Hearity v. Iowa Dist. Ct.*, 440 N.W.2d 860, 863 (Iowa 1989). Monetary sanctions against a lawyer "must be authorized by rule of this court or by statute." *Id.* In this case, for what appears to be the first time, a district court relied on Iowa Rule of Civil Procedure 1.413 and Iowa Code § 619.19 to assess monetary sanctions against a prosecutor in a criminal case. Although this rule and this statute give courts the power to impose monetary sanctions in civil cases, they confer no such power in criminal cases.

Rule 1.413 provides that when a lawyer signs a pleading, motion, or other filing, the lawyer certifies that the lawyer has read it and believes, after reasonable investigation, that it is factually accurate and justified by existing law or a good-faith argument to change the existing law. Iowa R. Civ. P. 1.413(1). The lawyer further certifies that the filing is not being submitted for any improper reason, such as harassing someone or causing unnecessary delays or costs in the case. *Id.* For a violation of the rule, "the court, upon motion or upon its own initiative, *shall impose* upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing . . . including a reasonable attorney fee." *Id.* (emphasis added).

The statute that the district court relied on, Iowa Code § 619.19, lays out similar requirements. It likewise authorizes "an appropriate sanction, which may include an order to pay the other party or parties the amount of the reasonable expenses incurred because of the filing of the motion, pleading, or other paper, including a reasonable attorney fee." *Id.* § 619.19(4).

Neither rule 1.413 nor § 619.19 allows a district court to impose monetary sanctions on a prosecutor in a criminal case. As an initial matter, the placements of rule 1.413 and § 619.19 make clear that they apply only in civil, and not criminal, cases. Section 619.19 is in subtitle three of the Iowa Code, titled "Civil Procedure." Similarly, Iowa Rule of Civil Procedure 1.413 is, as its name suggests, in the rules of *civil* procedure. "We read statutes as a whole, meaning we look beyond the isolated words and phrases to obtain a construction that is in harmony with surrounding provisions." *State v. Boone*, 989 N.W.2d 645, 649–50 (Iowa 2023). Both rule 1.413 and § 619.19 are found within sections bearing the title "civil procedure." They both thus logically apply in civil cases only.

The rules governing civil procedure were never intended or designed to apply in criminal cases. We made this point clear in *State v. Addison*, 95 N.W.2d 744 (Iowa 1959). In *Addison*, a criminal defendant filed a petition for a new trial under rules 252 (now rule 1.1012) and 253 (now rule 1.1013) of the Iowa Rules of Civil Procedure. *Id.* at 745. The defendant argued that rule 1(a) (now rule 1.101), which stated that "[t]hese rules shall govern the practice and procedure in all courts of the state," indicated that the rules of civil procedure should be applied broadly to criminal proceedings as well. *Id.* at 747. We disagreed, explaining:

> It is true rule 1(a) says, 'These rules shall govern the practice and procedure in all courts of the state, except where * * * statutes not affected hereby provide different procedure in particular * * * cases.' This provision does not specifically limit operation of the rules to civil cases. Doubtless it was not thought necessary to do so. The title given the rules as well as their content indicates they are civil in nature.

*Id.* (omissions in original).

In *Addison*, we declared that the Iowa "Rules of Civil Procedure have no application to criminal cases unless a statute makes them applicable." *Id.* We have not abandoned that view in the intervening half-century. *See, e.g.*, *State v. Sallis*, 981 N.W.2d 336, 349 (Iowa 2022) ("The civil rules, however, do not apply to criminal proceedings."); *State v. Russell*, 897 N.W.2d 717, 725 (Iowa 2017) ("[O]ur rules of civil procedure do not apply to criminal matters . . . ."); *see also* *State v. Wise*, 697 N.W.2d 489, 492 (Iowa Ct. App. 2005) ("The Rules of Civil Procedure have no applicability in criminal cases, unless made applicable by statute.").

What's more, Iowa Code § 602.4202 requires the supreme court to submit its proposed procedural rules, including the rules of civil and criminal procedure, to the legislative council and to legislative leadership. *See id.* § 602.4202(1)–(2).

Unless the legislative council acts to delay the implementation of a set of rules, the rules go into effect. *Id.* § 602.4202(2). The supreme court has never, to our knowledge, presented a civil or criminal rule that would provide the legislature with any inkling that a court could impose monetary sanctions against prosecutors in criminal cases.

When statutes and rules of civil procedure are intended to apply in criminal proceedings, they say so explicitly. *See, e.g.*, Iowa Rs. Crim. P. 2.13(1) ("*By defendant.* A defendant in a criminal case may depose all witnesses listed by the State in the minutes of testimony in the same manner, with the same effect, and with the same limitations, as in civil actions except as otherwise provided by statute and these rules."), 2.15(4)(e) ("Service upon a minor witness shall be as provided for personal service of an original notice in a civil case pursuant to Iowa Rule of Civil Procedure 1.305(2)."), 2.19(3) ("Reporting of the trial shall be governed by Iowa Rule of Civil Procedure 1.903."), 2.26(1)(c)(1) ("Upon a judgment for a fine, an execution may be issued as upon a judgment in a civil case, and return thereof shall be made in like manner."). The same is true with statutes. *See, e.g.*, Iowa Code § 617.1 ("Any defendant in any criminal action pending or to be brought in any court in the state of Iowa may be served with process, either civil or criminal, in any other action pending or to be brought against the defendant in the courts of this state while the defendant is present in this state . . . ."); *id.* § 622.8 ("In all civil and criminal cases the husband and wife may be witnesses for each other."). No rule of criminal procedure incorporates rule 1.413(1), and nothing in § 619.19 provides that the statute applies in criminal proceedings. And indeed, we have never applied either one in a criminal context. Applying the rule we enunciated long ago in *Addison*, rule 1.413(1) and § 619.19 apply in civil proceedings only.

Limiting our civil sanctions rule to civil cases aligns with the federal courts' approach as well. Federal precedent shows that the federal rule authorizing sanctions against attorneys, Federal Rule of Civil Procedure 11, does not apply in criminal cases. "[B]ecause rule 1.413 is based on Federal Rule of Civil Procedure 11, we look to federal decisions applying [R]ule 11 for guidance." *First Am. Bank v. Fobian Farms, Inc.*, 906 N.W.2d 736, 745 (Iowa 2018) (alterations in original) (quoting *Barnhill v. Iowa Dist. Ct.*, 765 N.W.2d 267, 273 (Iowa 2009)).

Federal courts uniformly hold that the Federal Rules of Civil Procedure do not apply in criminal proceedings. *See, e.g.*, *United States v. Arrington*, 763 F.3d 17, 22 (D.C. Cir. 2014) ("[T]he Federal Rules of Civil Procedure . . . do not apply to criminal cases."); *Gray v. United States*, 385 F. App'x 160, 162 (3d Cir. 2010) (per curiam) ("[T]he Federal Rules of Civil Procedure are not applicable to criminal cases."); *United States v. McCalister*, 601 F.3d 1086, 1087–88 (10th Cir. 2010) (explaining that the Federal Rules of Civil Procedure apply solely to civil actions while the Federal Rules of Criminal Procedure apply solely to criminal actions); *see also* Yuri R. Linetsky, *A Rule 11 For Prosecutors*, 87 Tenn. L. Rev. 1, 57 (2019) (stating that "among the sixty-one rules in the Federal Rules of Criminal Procedure, there is no corollary rule" to Federal Rule of Civil Procedure 11).

"A prosecutor has the responsibility of a minister of justice and not simply that of an advocate." Iowa R. of Prof'l Conduct 32:3.8 cmt. [1]. As then-Attorney General Robert Jackson said, "The prosecutor has more control over life, liberty, and reputation than any other person in America," thus "[w]hile the prosecutor at his best is one of the most beneficent forces in our society, when he acts from malice or other base motives, he is one of the worst." Robert H. Jackson, Att'y Gen. of the U.S., *The Federal Prosecutor* 1 (Apr. 1, 1940). But courts (and the

voting public) are not without other tools to hold prosecutors accountable, including "vigorous judicial oversight in the district court, appellate review, postconviction-relief proceedings, attorney disciplinary proceedings, human resource management, and elections." *Venckus v. City of Iowa City*, 930 N.W.2d 792, 803 (Iowa 2019). What's more, our rules of professional conduct for lawyers subjects prosecutors to ethical responsibilities beyond those imposed on other lawyers. *See* Iowa R. of Prof'l Conduct 32:3.8 (providing eight "special responsibilities of a prosecutor" in addition to the disciplinary rules governing all attorneys). Violations of these responsibilities can result in discipline ranging from a public reprimand to suspension or revocation of the prosecutor's law license. *See, e.g., Iowa Sup. Ct. Att'y Disciplinary Bd. v. Borth*, 728 N.W.2d 205, 207–08 (Iowa 2007) (public reprimand); *Iowa Sup. Ct. Att'y Disciplinary Bd. v. Zenor*, 707 N.W.2d 176, 177–78 (Iowa 2005) (suspension of law license).

Neither rule 1.413 nor § 619.19 applies to Christensen's conduct as a prosecutor in this case. As a result, we hold that the district court erred by relying on this rule and statute to impose a monetary sanction against Christensen for his conduct. We thus reverse the sanctions order and the monetary sanction it imposed.

**Writ Sustained.**