BLD-203                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1631
_____

LENELLE GRAY,
Appellant

v.

UNITED STATES OF AMERICA

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01212)
District Judge: Honorable Yvette Kane

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 20, 2010

Before:  RENDELL, CHAGARES and VANASKIE, Circuit Judges

(Filed: June 30, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Lenelle Gray, a federal inmate, appeals pro se from an order dismissing the motion

he filed pursuant to Federal Rule of Civil Procedure 60(b) for lack of jurisdiction.  We

will summarily affirm.

I.

In September 2005, Lenelle Gray was convicted in the United States District Court for the Northern District of Ohio of two counts of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of using a firearm in a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (See N.D. Ohio Crim. No. 05-00143). The United States Court of Appeals for the Sixth Circuit affirmed the judgment of conviction and sentence. In July 2009, Gray filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The District Court dismissed the petition as time-barred, and the Sixth Circuit subsequently denied Gray's application for a certificate of appealability.

In June 2009, Gray filed a motion pursuant to Federal Rule of Civil Procedure 60(b) in the United States District Court for the Middle District of Pennsylvania, the district of confinement.[1] In it he argued that the United States lacked "territorial and subject matter jurisdiction" over his alleged criminal activities. The Magistrate Judge concluded that Gray's motion was in fact a challenge to his conviction and sentence. Because Rule 60(b) is not the proper vehicle for a federal prisoner to challenge his criminal conviction or sentence, the Magistrate Judge recommended that Gray's motion be construed as a petition for writ of habeas corpus under 28 U.S.C. § 2255. See Okereke

_____

[1] Gray is an inmate at the United States Penitentiary at Lewisburg, Pennsylvania, within the jurisdiction of the Middle District of Pennsylvania.

2

v. United States, 307 F.3d 117, 120 (3d Cir. 2002) ("Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution.") (citations omitted).[2]

Gray objected to the Magistrate Judge's Report and Recommendation ("R&R"), arguing that he should be allowed to proceed under 28 U.S.C. § 2241 instead of § 2255. In light of Gray's objections, the District Court granted Gray leave to withdraw or amend his filing pursuant to United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999). The District Court specifically ordered that Gray may not proceed pursuant to Rule 60(b), but provided Gray with a "notice of election" form that offered Gray three alternatives. He could choose to: (1) have his motion ruled on as filed; (2) have his motion re-characterized as a § 2255 motion and heard as such, but in that event he would lose his ability to file a second or successive motion absent certification by the court of appeals; or (3) withdraw his motion and file one all-inclusive § 2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").[3]

---

[2] The Magistrate Judge further recommended that the action be transferred to the Northern District of Ohio, because a § 2255 motion must be filed in the sentencing court. See 28 U.S.C. § 2255(a).

[3] At the time the District Court issued this order it was evidently unaware that Gray had already filed a § 2255 motion in the Northern District of Ohio, and was now barred from filing another without authorization of the Sixth Circuit Court of Appeals. See 28 U.S.C. §§ 2255(h); 2244.

On the "notice of election" form, Gray elected to have the court rule on his motion as filed. However, Gray also submitted a letter motion seeking that the court treat his filing as a petition under 28 U.S.C. § 2241 because § 2255 had been rendered inadequate and ineffective by the running of its statute of limitations. He further stated that he understood a § 2241 petition to be the "appropriate vehicle" to challenge his conviction because (1) there had been a fundamental miscarriage of justice, (2) he is actually innocent of the crime he has been convicted of, and (3) constitutional errors at trial "caused the conviction." (Mot. of Request and Recommendation Accompanying Notice of Election 1.)

Upon review of the record, the Magistrate Judge concluded that Gray failed to make the requisite showing that § 2255 was inadequate or ineffective to test the legality of his detention, and recommended that his petition be dismissed. Gray objected that the Court had not honored his notice of election because it had not ruled on his motion as filed, which was as a motion under Rule 60(b). The District Court adopted the R&R over Gray's objection and dismissed the petition. Gray timely appealed. In support of his appeal, he argues that the District Court should have ruled on his filing as a motion under Rule 60(b). He further contends that a claim that the court lacked jurisdiction can be brought at anytime, and "specifically challenged under Rule 60(b)." (Appellant's Resp. 1).

4

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions, and we apply a clearly erroneous standard to the court's factual findings. Rios v. Wiley, 201 F. 3d 257, 262 (3d Cir. 2000).

III.

After a careful review of the record, we agree with the District Court that Gray cannot proceed with his claim under Rule 60(b) or under § 2241. Rule 60(b) cannot be used as an independent means to relieve a defendant of a judgment in a criminal case, because the Federal Rules of Civil Procedure are not applicable to criminal cases. Thus, the District Court's refusal to consider Gray's motion under Rule 60(b) was proper.[4]

The appropriate vehicle for a criminal defendant seeking to challenge his or her conviction or sentence is a motion under 28 U.S.C. § 2255. Okereke v. United States, 307 F. 3d 117, 120 (3d Cir. 2002). A prisoner can raise such a challenge via 28 U.S.C. § 2241 only upon showing that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). In his Motion of Request and Recommendation Accompanying Notice of Election, Gray asserted that § 2255 was inadequate and ineffective because he could not comply with the statute of limitations applicable under AEDPA. He also

---

[4] To the extent that Gray's motion sought reconsideration of the denial of his § 2255 motion, he should have filed it in the sentencing court.

argued that he should be permitted to proceed under § 2241 because he is actually innocent and because there were constitutional errors at trial that resulted in a miscarriage of justice.

However, § 2255 is not inadequate or ineffective "merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner in unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Indeed, we have held that the safety valve provided under § 2255 applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted makes the petitioner's conduct non-criminal. See e.g., In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). Gray makes no allegation of an intervening change in law, and his unsupported allegations of innocence and constitutional error do not demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention. We agree with the District Court that Gray cannot proceed under § 2241. As he has already filed an unsuccessful § 2255 motion, his claims should have been brought in an application to filed a second or successive motion under 28 U.S.C. §§ 2255(h); 2244.

IV.

For the foregoing reasons, we will summarily affirm the order to the District Court dismissing Gray's motion for lack of jurisdiction.